UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2005-10218-RCL

UNITED STATES

V.

JESSE WILSON

## ORDER ON DETENTION

ALEXANDER, M.J.

The defendant, Jesse Wilson, appeared before this Court for a detention hearing on September 21, 2005, pursuant to an indictment charging him with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). At the hearing, the government was represented by Assistant United States Attorney Mark J. Balthazard and Mr. Wilson was represented by Attorney Michael Tumposky  The government moved to detain Mr. Wilson pursuant to 18 U.S.C. §§ 3142 (f)(1)(D) (criminal recidivism) and (f)(2)(A) (serious risk of flight).[1]

In that an indictment is extant, probable cause exists to believe that Mr. Wilson committed the offenses with which he is charged. United States v. Vargas,

---

[1] Counsel for the government did not specify the subsection of 18 U.S.C. § 3142(f)(1) under which the government was moving for detention. Section (f)(1)(D), however, appears to be the only section applicable to Mr. Wilson.

804 F.2d 157, 162-63 (1st Cir. 1986). This Court need therefore only determine whether any condition or combination of conditions will reasonably assure the appearance of Mr. Wilson as required and the safety of any other person and the community. For the reasons set forth more fully below, this Court now orders that Mr. Wilson be DETAINED because the Court does not find that any such conditions exist.

During the detention hearing, the government offered the credible testimony of Special Agent Sheila O'Hara, an eighteen-year veteran of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Agent O'Hara's averments include the following information.

Although Agent O'Hara was not the lead investigator in the case resulting in the indictment against Mr. Wilson, she reviewed pertinent documents in the case stemming from Mr. Wilson's arrest by police in Brockton, Massachusetts, on charges resulting from a traffic stop. On July 21, 2005, Detectives Smith and Hilliard of the Brockton Police Department pulled over a green motor vehicle after observing the vehicle pull out of a gas station at a high rate of speed and drive erratically down the street, posing a danger to other vehicles. As the detectives approached the vehicle they noticed Mr. Wilson moving around in the backseat. The detectives told Mr. Wilson to stop moving several times before asking him to

2

step out of the vehicle. As Mr. Wilson stepped out of the vehicle Detective Smith alerted his partner that he spotted a gun in the vehicle. Fearing that Mr. Wilson was going to run, Detective Hilliard grabbed Mr. Wilson's arm as he stepped out of the vehicle. A struggle ensued during which Detective Hilliard believed that Mr. Wilson was reaching for Detective Hilliard's weapon. Detective Hilliard responded by striking Mr. Wilson in the head twice with his flashlight, and the detectives were ultimately able to place Mr. Wilson under arrest. During the struggle, the driver and the front seat passenger ran from the car. The driver was found shortly thereafter, but the passenger's identity remains unknown.

At the time of the arrest, the police found a loaded H&R .22 revolver, bearing serial number R26623, with seven live rounds and one spent shell casing, wedged in the rear seat where Mr. Wilson has been seated. Because Mr. Wilson had prior felony convictions, the federal government thereafter charged him with a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . " 18 U.S.C. § 3142 (e). "With regard to risk of flight as a basis for detention, the Government must prove by a

preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the Government on the question of flight risk. See id. at 1181, citing United States v. Jessup, 757 F. 2d 378, 381-82 (1st Cir. 1985).

The issue of whether the defendant poses a danger to the community entails a different analysis. The Government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person and the community. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985). The meaning of clear and convincing evidence does not imply that the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F. Supp. 432, 438 (W.D. Ark. 1987), aff'd., 855 F.2d 858 (8th Cir.), cert. denied, 488 U.S. 866 (1988). Nevertheless, because of the interference of pre-trial detention with the "importan[t] and fundamental . . . right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly.

The Court's independent analysis regarding detention is governed by the rubric set forth in 18 U.S.C. § 3142(g). Pursuant to Section 3142(g), the Court first looks to the nature and circumstances of the offense charged against Mr.

Wilson. While not a crime of violence, see United States v. Silva, 133 F. Supp.2d 104, 109-110 (D. Mass. 2001), the unlawful possession of a firearm by a felon is a violation of the law and of obvious concern to this Court in any situation.

Second, the Court considers the weight of the evidence against the defendant. As noted previously, there is probable cause to believe that the defendant committed the offense with which he is charged. Vargas, 804 F.3d at 162-63.

The third inquiry, the history and characteristics of the defendant, are of paramount importance here. Mr. Wilson has resided in Massachusetts for much if not all of his life, and has family in the Boston area. Despite these ties to the community, which defense counsel relied upon in support of his assertion that Mr. Wilson is not a flight risk, Mr. Wilson's criminal history indicates a number of defaults that are cause for concern. Defense counsel's creative assertion that Mr. Wilson simply wasn't able to get to court for a required appearances does not alleviate that concern. Of equal concern is Mr. Wilson's apparent struggle and attempt to escape from the Brockton police officers after the vehicle in which Mr. Wilson was riding was stopped.

Furthermore, the defendant has failed to rebut the presumption, pursuant to 18 U.S.C. § 3142(e), that no condition or combination of conditions will

reasonably assure the safety of any other person and the community. The defendant's criminal history includes multiple convictions for such crimes as assault and battery, assault and battery on a police officer, carrying a dangerous weapon, resisting arrest and substance act violations.

After considering all evidence before the Court, and the presumption of 18 U.S.C. § 3142(e), the Court concludes by clear and convincing evidence that JESSE WILSON poses a danger to the community, and by a preponderance of the evidence that he poses a risk of flight, neither of which can be vitiated by any condition or combination of conditions of release. Accordingly, the Court ORDERS him detained pending trial. Further, pursuant to 18 U.S.C. § 3142(i) it is ORDERED that:

1. The Defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with his counselor; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by Mr. Wilson's filing of a motion for revocation or amendment pursuant to 18 U.S.C. § 3145(b).

SO ORDERED.

10/19/05
Date

United States Magistrate Judge