UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

NO. 05 10218 RCL

V.

JESSE WILSON

## MOTION TO SUPPRESS

NOW COMES the accused, Jesse Wilson, by and through counsel, and moves this Court to suppress any and all evidence obtained as the result of a seizure of the accused conducted by members of the Brockton Police Department on or about July 21, 2005, as the accused submits that this seizure was executed in violation of the 4th Amendment to the United States Constitution.

In support of this Motion, the accused states as follows:

1. The accused stands charged with being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g)(1).

2. This charge stems from a seizure of the accused conducted by Officers of the Brockton Police Department on July 21, 2005.

3. At the time of the accused's seizure, he was sitting in the back seat of a car being driven by Andrew Nelson on Highland Street in Brockton. A woman was sitting in the front passenger seat.

4. According to Brockton Police Officer Erik Hilliard's report, he and Brockton Police Officer James Smith were patrolling in the area of Legion Parkway in an unmarked police car monitoring the activity of a gas station at the intersection of Warren Avenue and Highland Street. Officer Hilliard's report indicates that while

the officers were stopped at the signal light at the intersection of Legion Parkway and Warren Avenue the officers purportedly observed a green motor vehicle pull out of the gas station parking lot at a high rate of speed and that the vehicle took a right onto Highland Street with "a sense of urgency." The report further indicates that the vehicle also purportedly drove into the opposite lane of traffic causing another vehicle to pull to the side of the road and subsequently purportedly passed another vehicle on the left. At this time, Officer Smith supposedly activated the cruiser's emergency lights and the vehicle pulled in front of 47 Highland Street but continued to travel at a very slow pace until it pulled over at the intersection of Highland Street and Glenwood Street.

5. However, the driver of the vehicle, Andrew Nelson, relates a different set of events taking place prior to the Brockton Police seizure of the vehicle and its occupants. (See attached Affidavit.) According to Mr. Nelson, the vehicle was never in the gas station at the corner of Highland and Legion Parkway but rather crossed over from the Legion Parkway to Highland Street with the green light at a lawful rate of speed. Mr. Nelson further averts that all he did while driving on Highland Street was stop his vehicle briefly to say hello to an acquaintance before the unmarked cruiser came up behind his vehicle and flashed its lights and siren. He then subsequently pulled over to the side of the road about three or four houses away so as to not block the street.

6. "An officer may conduct a brief investigatory stop when he or she has a reasonable, articulable suspicion that criminal activity is afoot." United States v. McKoy, _F3d_ (November 1, 2005 1st. Cir.) (Citing Terry v. Ohio, 392 U.S. 1, 30

(1968); United States v. Romain, 393 F.3d 63, 71 (1st Cir. 2004)). "Although the showing required to meet this standard is considerably less demanding than that required to make out probable cause, the officer none the less must possess (and be able to articulate) more than a hunch, an intuition, or a desultory inclining of possible criminal activity...A court inquiring into the validity of a Terry stop must use a wide lens and survey the totality of the circumstances...The inquiry must consider 'whether the officer's actions were justified at their inception, and if so, whether the officer's subsequent actions were fairly responsive to the emerging tableau'...Generally speaking, the stop is justified at its inception if the officer can point to specific and articular facts, which taken together with rational inferences from those facts, reasonable warrant the intrusion." See, Romain 393 F3d at page 71-72.

7. The accused submits that based on Mr. Nelson's version of the events preceding the seizure of the motor vehicle that the seizure of the vehicle and the accused was not justified by reasonable suspicion and was conducted in violation of the 4th Amendment to the United States Constitution.

WHEREFORE, the accused respectfully requests that this Court grant the within Motion

and suppress any and all evidence obtained as a result of the unlawful seizure of the accused.

                                              Respectfully submitted,
                                              Jesse Wilson,
                                              By his Attorney,

Date: March 15, 2006             /S/  Paul J. Garrity
                                              Paul J. Garrity
                                              14 Londonderry Road
                                              Londonderry, NH 03053
                                              (603)434-4106

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, herein certify that on this 15th day of March, 2006, a copy of the within was e filed with the U.S. Attorney's Office.

                                              /S/ Paul J. Garrity
                                              Paul J. Garrity

### AFFIDAVIT

I, Andrew K. Nelson having been duly sworn affirm that the below statement is true to the best of my knowledge and recollection, and is being given under the pains and penalties of perjury.

On July 21, 2005 I was driving a vehicle belonging to Ken Burke on the Legion Parkway in Brockton MA. There was a female passenger in the front and Ken Burkes brother, Jessie Wilson, was a passenger in the back. At no time was I ever in the gas station at the corner of Highland and Legion Parkway as described in the police report. I crossed over from Legion Parkway to Highland Street with the green light at a lawful rate of speed. About 3 or 4 houses down Highland Street, I stopped to say hello to an aquintance standing in front of a rooming house. At this time, an unmarked cruiser came up behind and flashed it's lights and siren. I pulled over to the side of the road about 3 or 4 houses away so as to not block the street. The Police approached the vehicle and immediately began to open the doors and pull Jessie out of the vehicle. They did not ask me for a license or registration. As they were taking me out of the vehicle, I heard one of the officers yell "gun". This was within a very short time after they pulled us over. All of the officers had their guns drawn thus I feared for my safety and fled. At no time did I commit a driving violation. I admitted to sufficient facts to driving to endanger as I had other cases pending and just wanted it to go away. I have been pulled over many times by the Brockton Police department for no apparent reason other than they want to search my car for narcotics.

3-14-06

Date

*/14/06

Date

*Andrew Nelson*

Andrew K. Nelson

*D W M——*

D.W McClanahan

(witness)