UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA** )
                             )
      v.                     )    Criminal No. 05-10218-RCL
                             )
**JESSE WILSON**             )
                             )
                             )

### ASSENTED TO MOTION TO CONTINUE DATE FOR GOVERNMENT'S RESPONSE TO SUPPRESSION MOTION

The government hereby moves, with the oral assent of counsel for defendant Jesse Wilson, to continue for two weeks - until April 19, 2006 - the time within which it may file a written response to Wilson's Motion to Suppress. As grounds therefor, the government states the following:

Wilson is charged in a one-count superseding indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1). He has moved to suppress the firearm and ammunition, claiming that the police officers who arrested him had no legitimate reason to stop the automobile in which he was a passenger. The relevant facts are as follows:

On July 21, 2005, Brockton police officers stopped a car driven by Andrew K. Nelson in which Wilson was a passenger. According to their written report, the officers observed Nelson's car exit a gas station at a high speed and cross into the opposite lane of traffic, causing an oncoming car to pull over to avoid a collision. The police then pulled Nelson's car over.

When the police officers ordered Wilson out, they observed a gun on the rear seat where Wilson had been sitting.  The officers arrested Wilson and seized the gun and ammunition.

Nelson fled on foot but was caught.  Nelson was charged with, among other things, the Negligent Operation of a Motor Vehicle.  On October 27, 2005, Nelson appeared in the Brockton District Court and admitted to sufficient facts on that charge, as well as to Disturbing the Peace and Failing to Stop for a Police Officer.  According to the written record, a judgment of "guilty" was entered against Nelson on the Negligent Operation of a Motor Vehicle charge.

On March 15, 2006, Wilson filed a motion to suppress, supported by Nelson's affidavit.  Nelson asserted, contrary to the police report and his own plea, that he had been driving at a lawful rate of speed prior to the police stop and at no time committed a driving violation.  Nelson claimed that he had "admitted to sufficient facts to driving to endanger" only because he "had other cases pending and just wanted it to go away."

During a status conference in this case held on March 15, 2006, this Court noted the potential importance of discovering what had transpired during Nelson's plea colloquy.  The government requested three weeks to file a response to Wilson's motion, noting that it could very well take that long, or longer,

to obtain the tape-recording.

After the hearing, the government promptly sought to obtain a copy of the tape-recording of Nelson's plea colloquy and the written court record. To date, the government has received only the written record, but not the tape-recording. The government has been advised that its request for the tape is being processed, but no date for completion has been given.[1]

The written record of Nelson's criminal case reflects that he admitted to sufficient facts to be adjudged "guilty" to Negligent Operation of a Motor Vehicle. To the extent there is any record from the Brockton District Court either confirming Nelson's guilt or reflecting some other reason for his decision to plead, it is likely to be contained in the tape recording. As such, that recording is important to the government's decision on how it will respond to Wilson's motion.

As noted above, Wilson's attorney has advised the government orally that he assents to this motion for a continuance. Although the government is seeking only a two-week continuance

---

[1] The government delayed filing this motion until now, hoping that the tape would arrive in sufficient time to draft a response incorporating whatever information is contained in the recording. That time has now passed, and the government will need more than 1-2 days after receipt of the tape to complete its written response.

3

now, it may need to request additional time if the tape recording is not received soon.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                        By:  /s/ Mark J. Balthazard
                                MARK J. BALTHAZARD
                                Assistant U.S. Attorney

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 3, 2006.

                                /s/ Mark J. Balthazard
                                MARK J. BALTHAZARD
                                Assistant U.S. Attorney