# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 05-10218-RCL |
| JESSE WILSON, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government submits this Sentencing Memorandum in support of its Motion for Upward Departure and Deviation, and to address several objections raised by defendant Jesse Wilson to the Presentence Report ("PSR").

**I.    Computing the Defendant's Advisory Guidelines Sentencing Range**

Wilson pleaded guilty on January 24, 2007 to the one-count Superseding Indictment charging him with being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §922(g)(1).

The government agrees with Probation's assessment that Wilson's base offense level is 24 under U.S.S.G. §2K2.1(a)(2), that his Criminal History Category is V, and that his Total Offense Level after acceptance of responsibility is 21. Thus, Wilson's advisory sentencing guideline range is 70-87 months. For the reasons discussed below, and those to be addressed at the sentencing hearing, the government recommends that the Court depart and deviate upward and sentence Wilson to the maximum prison term of 10 years.

**A. Criminal History Category**:

Since Wilson's advisory guidelines sentencing range is dependent entirely on his prior criminal history, that will be addressed first.

The PSR determined that Wilson has 10 criminal history points. PSR ¶45.[1] The details of the underlying convictions are described in paragraphs 33-37 of the PSR. Wilson objects to the inclusion of the convictions in paragraphs 33 and 35. Wilson does not object to counting the convictions in paragraphs 34, 36 and 37, each of which adds two points.

### 1. PSR Paragraph 33

Wilson contends that, contrary to the PSR, the record does not reflect that he pleaded guilty to Possession of a Class B Substance with the Intent to Distribute. In support, Wilson relies on the Tender of Plea form in that state case, which reflects that he offered to plead guilty to Possession only. (A copy of that form, appended to the docket, is attached as Exhibit A). But as pointed out in the Probation Officer's Response to Objection #4 (Addendum to PSR), that was merely Wilson's proposal. In Section II of that same Tender of Plea form, the Massachusetts state judge rejected Wilson's proposal and instead adopted the government's recommendation. Furthermore, Wilson checked the box accepting the Court's decision. Most importantly, the official record contained in the criminal docket sheet (Exhibit A) reflects that Wilson admitted to sufficient facts for Possession of a Class B Substance with Intent to Distribute and the matter was continued without a finding. Since that is the best evidence of what occurred in the case, and for the reasons set forth in the Probation Officer's Response, this conviction was properly included, and one point added, in the criminal history calculation.

---

[1] In the original and first revised PSR, Wilson had 18 criminal history points. On July 17, 2007, five of Wilson's prior convictions were vacated by the Fall River District Court, and new trials granted. As a result, Wilson's criminal history points were reduced to 10, and he is no longer an Armed Career Criminal subject to a 15 year minimum mandatory sentence.

**2. <u>PSR Paragraph 35</u>**

Wilson contends that the offenses included in Paragraph 35 do not qualify as convictions because the record reflects that the dispositions were "guilty, filed." In support, Wilson relies on a variety of Massachusetts state decisions holding that "guilty, filed" dispositions are not judgments of conviction. The most recent case cited, <u>Commonwealth v. Simmons</u>, 448 Mass. 687, 863 N.E. 2d 549 (2007), discusses at length the practice in Massachusetts of placing cases "on file." To summarize, after a guilty plea, a Massachusetts state court may, with the consent of the defendant and Commonwealth, place the case "on file," thus suspending sentencing indefinitely, but not dismissing the case. 448 Mass. at 688, 863 N.E. 2d at 551. The state court retains the power, upon motion of either party at any time, to remove the case from the file and proceed to sentencing. 448 Mass. at 696, 863 N.E. 2d at 556-57.

Contrary to Wilson's position, a "guilty, filed" fits squarely within the definition of a "prior sentence" under the sentencing guidelines. "A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under 4A1.1(c) even if a conviction is not formally entered . . .". U.S.S.G. §4A1.2(f). The relevant criminal docket (attached as Exhibit B) reflects that Wilson pleaded guilty to Resisting Arrest, Disorderly Conduct and Disturbing the Peace, and that all three charges were filed with Wilson's consent. Thus, even though a conviction was never formally entered, Wilson's admission of guilt is counted under §4A1.1(c). The Application Note for this section states that the inclusion of such diversionary dispositions in calculating a defendant's criminal history "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. §4A1.2, Comment (n. 9).

Even if it did not fit within §4A1.2(f), this offense would be a "prior sentence" as defined in §4A1.2(a)(4), which counts convictions for which a defendant has not yet been sentenced. For purposes of that paragraph, a conviction is defined to mean "that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere." Id. Wilson's guilt in that case was established by his guilty plea and, under Massachusetts procedure, his sentencing was postponed indefinitely. Commonwealth v. Simmons, supra. Thus, it was a conviction for which he had not yet been sentenced.

For all these reasons, the offenses described in ¶35 of the PSR, and reflected on Exhibit B, were properly included, and one point added, in the criminal history calculation.[2]

**B. Base Offense Level**

Wilson objects to the PSR's conclusion that his base offense level is 24, under U.S.S.G. §2K2.1(a)(2). The government agrees with the Probation Office's calculation.

Under §2K2.1(a)(2), the base offense level is 24 if the defendant had two prior felony convictions of either a crime of violence or a controlled substance offense. The Probation Officer's Response to Objection #1 (Second Addendum) notes that Wilson was convicted of Possession of a Class B Substance with Intent to Distribute (PSR ¶33) and Resisting Arrest (PSR ¶35). As discussed above, each of those convictions properly received a criminal history point under §4A1.1(c). Therefore, by definition, they are included as prior felony convictions for purposes of §2K2.1(a)(2). See U.S.S.G. §2K2.1, Comment (n. 10) ("For purposes of applying subsection (a)(1),

---

[2] Wilson also contends in Objection #7 (Second Addendum) that since several of his prior convictions have been dismissed, he should not receive two criminal history points for committing the current offense less than two years after release from a prior sentence. But as the Probation Officer noted in response, the offense described in ¶36 was not vacated and that serves as a predicate for this enhancement.

(2), 3), or (4)(A), use only those felony convictions that receive criminal history points under §4A1.1(a), (b), or (c)).

*   *   *   *

Based on all the foregoing, the government submits that Wilson's Total Offense Level, after acceptance of responsibility, is 21, his Criminal History Category is V, and his Guidelines Sentencing Range is 70-87 months.

### III.  Government's Motion for Upward Departure and Deviation

The government has moved for an upward departure and deviation to a sentence of 10 years imprisonment, based on the inadequacy of Wilson's criminal history category (U.S.S.G. §4A1.3), as well as the factors set forth in 18 U.S.C. §3553(a).

#### A.  Inadequacy of Criminal History Category

As noted above, Wilson's criminal history at the time of his guilty plea included five convictions which have since been vacated. All of those charges remain outstanding. The vacated convictions include Assault and Battery on a Police Officer (PSR ¶49), Possession of a Class D Substance (PSR ¶49a), Assault and Battery (PSR ¶49b), Assault and Battery (PSR ¶49c), and Assault and Battery (PSR ¶49d). After pleading guilty, Wilson served actual prison time for three of those convictions (PSR ¶¶49, 49a, 49c). The other two were "filed" after guilty pleas.

Prior to those convictions being dismissed, the Probation Office calculated Wilson's total criminal history points to be 18, and determined that his Criminal History Category was VI. See PSR revision dated 6/20/07 at ¶¶45, 46. Moreover, with those offenses included, Wilson was subject to the Armed Career Criminal Provisions of 18 U.S.C. §924(e), which increased his Total

Offense Level to 30, id. at ¶30, with a mandatory minimum of 15 years and a guideline range of 180-210 months.  Id. at ¶¶96, 97.

The guidelines specifically provide that an upward departure may be warranted if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." §4A1.3.  Among the types of information a court may use in determining whether such an upward departure is appropriate is "[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense." §4A1.3(a)(2)(D).  At the time Wilson committed the present offense, two of his prior Assault and Battery offenses (PSR ¶¶49b, 49c), had been resolved by pleas of "guilty, filed."  Thus, he was awaiting sentencing on both.  In any event, all five convictions have since been vacated and a new trial motion allowed for each.  Therefore, at a minimum, the Court should consider those charges as having been "pending trial" at the time Wilson committed the current offense.

All of the above warrants an upward departure to Category VI (§4A1.3(a)(4)(A), as well as a further departure from Category VI to at least a level 22 (§4A1.3(a)(4)(B).  See, e.g., United States v. Tavares, 93 F.3d 10, 16-17 (1st Cir. 1996).

**B. 18 U.S.C. §3553(a)**

A consideration of the factors set forth in 18 U.S.C. §3553(a) further supports and counsels for a sentence above the applicable advisory guideline range, and above a departure based on the inadequacy of Wilson's criminal history category.  The primary justifications for a further increase in Wilson's sentence are the need to reflect the seriousness of the offense; the need to afford adequate deterrence to criminal conduct; and, the need to protect the public from further crimes by

Wilson.

Wilson's offense of being a felon in possession of a firearm and ammunition is a serious one, as were the circumstances of his carrying the gun and his arrest. The firearm was not found locked away at Wilson's home. Instead, he was carrying it with him in the backseat of a car on a late summer afternoon in Brockton. The likelihood that the gun was to have been used in some other criminal activity is great. Moreover, when police officers ordered Wilson from the car, he attempted to escape, punching and kicking the officers in an unsuccessful attempt to break free. PSR ¶12.

Wilson's history and personal characteristics also support an enhanced sentence. Wilson, who is only 27, was expelled from high school in the 10th grade subsequent to an arrest. PSR ¶81. Wilson was in state custody "intermittently" from 1998 to 2003, and from 2/18/04 to 10/14/04. PSR ¶¶87, 89. Since 1998, Wilson has had only one confirmed, legitimate job, working for six months at a Dunkin'Donuts. PSR ¶¶84-89. He started that job shortly after being released from state custody, quit that job after six months, and within another month had been arrested on the current offense. PSR ¶86.

A sentence well above the applicable advisory guideline range is necessary to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for this offense. Wilson's history and record of assaults and drug offenses reflect a person who is disrespectful of the law and other people. However, the state sentences he has received for those crimes have all been fairly modest and it is obvious that they have not deterred Wilson from further criminal activity. A substantial sentence is necessary to send a clear message to Wilson that committing crimes will result in long sentences. Moreover, a substantial sentence is necessary to protect the public from Wilson. The sooner Wilson is released, the sooner he will be back on the

streets. His history shows that he is a danger to society.

## IV. Conclusion

For all the above reasons, the government recommends a sentence of 120 months imprisonment, to be followed by 3 years of supervised release, a fine of $7,500 and a mandatory special assessment of $100.

## V. Proposed Findings of Fact and Conclusions of Law

The government proposes that the Court make the following findings of fact and conclusions of law in imposing a sentence above the applicable advisory guidelines range:

1. I find that reliable information, including: 1) the several charges pending against Wilson at the time of the present offense (PSR ¶¶49-49d); and 2) that had he not had several prior convictions vacated he would be facing a 15 year mandatory minimum and advisory guideline range of 180-210 months, indicate that Wilson's criminal history category substantially under-represents the seriousness of his criminal history or the likelihood that he will commit other crimes. §4A1.3. I find that this merits a departure both to a Criminal History Category VI, as well as a one level increase to 22, for a sentencing guideline range of 84-105.

2. Based on the offense conduct, defendant's actions during his arrest, his criminal history, his repeated state incarcerations since 1998, his lack of legitimate employment while not in custody, and his propensity to engage in violent and drug related actions, I find that the need to reflect the seriousness of the offense; the need to afford adequate deterrence to criminal conduct; and the need to protect the public from further crimes of the defendant (18 U.S.C. §3553(a)) together merit a further deviation upward from the advisory sentencing guidelines to a sentence of 120 months

imprisonment, the maximum sentence for this offense.

                                                   Respectfully submitted,

                                                   MICHAEL J. SULLIVAN
                                                   United States Attorney

                                By:    *s/Mark J. Balthazard*
                                                   MARK J. BALTHAZARD
                                                   Assistant U.S. Attorney
                                                   U. S. Attorney's Office
                                                   John Joseph Moakley
                                                    United States Courthouse
                                                   1 Courthouse Way, Suite 9200
                                                   Boston, MA  02210
Date: August 29, 2007                        (617)748-3100


<u>Certificate of Service</u>

     I hereby certify that on August 29, 2007, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                 /s/ Mark J. Balthazard
                                                 MARK J. BALTHAZARD
                                                 Assistant U.S. Attorney

# CRIMINAL DOCKET

| COURT DIVISION | DOC. NO. | ATTORNEY NAME |
|---|---|---|
| JC WEST ROXBURY | 9806 CR 1494 | Nical Connick Higer |

Interpreter Required (language:): ☐

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**
Jesse Wilson
31 Codman Pk
Roxbury, MA. 02119

| DEFT. DOB AND SEX | OFFENSE CODE(S) |
|---|---|
| 04-20-80 | 216.802b |

| DATE OF OFFENSE(S) | PLACE OF OFFENSE(S) |
|---|---|
| 04-02-98 | 655 Met. Ave |

| COMPLAINANT | POLICE DEPARTMENT (if applicable) |
|---|---|
| PO Brian Lawler | School Police |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 04-03-98 | Arrest |

**DATE & JUDGE**
4/3/98 Rofo
4-3-98 Rofo
May 1st, 1998 Hon. Coffey

**DOCKET ENTRY**
- ☒ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied & Deft advised per 211D §2
- ☐ Waiver of counsel found after colloquy

Terms of release set:
- ☒ PR ☐ Bail:
- ☐ Held (276 §58A)
- ☒ See back for special conditions

Arraigned and advised:
- ☒ Potential of bail revocation (276 §58)
- ☐ Right to bail review (276 §58)
- ☐ Right to drug exam (111E §10)

Advised of right to jury trial
- ☐ Does not waive
- ☒ Waiver of jury trial found after colloquy
- ☐ Advised of trial rights as pro se (Supp.R. 4)
- ☐ Advised of right of appeal to Appeals Ct (R. 2)

---

**COUNT-OFFENSE**
A. TRESPASS ON LAND, DWELLING, ETC. c266 s120

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|
| PSF/CVS | | | | $35 ☐ WAIVED |

DISPOSITION DATE & JUDGE: 5-1-98 Hon. Coffey

DISPOSITION METHOD:
- ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

FINDING:
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
- ☒ Sufficient facts found but continued without guilty finding until: 2 yrs 5-1-2000
  - Urine Analysis
  - Jail Break Prog
  - Drug Eval + treatment as deemed necessary
- ☐ Probation  ☐ Pretrial probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/ restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☒ Probation terminated; defendant discharged

JUDGE: Driscoll    DATE: 7/18/0

---

**COUNT-OFFENSE**
B. POSS CL B W/I DIST W/I 1000FT SCHOOL c94c,s32J

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|
| | | 2339C000008/07/02LGCF | | 45 ☐ WAIVED |

DISPOSITION DATE & JUDGE: 5-1-98 Hon. Coffey

DISPOSITION METHOD:
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

FINDING:
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation ☐ Pretrial probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/ restitution
- ☒ Dismissed upon: ☒ Request of Comm. ☐ Request of victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
- ☒ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated; defendant discharged

JUDGE:    DATE:

---

**COUNT-OFFENSE**
C. Poss. with intent class B Rofo 4/3/98

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|
| | | | | ☐ WAIVED |

DISPOSITION DATE & JUDGE: 5-1-98 Hon. Coffey

DISPOSITION METHOD:
- ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

FINDING:
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
- ☒ Sufficient facts found but continued without guilty finding until: 5-1-2000 Conc. N/A
- ☐ Probation ☐ Pretrial probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/ restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☒ Probation terminated; defendant discharged

JUDGE: Driscoll    DATE: 7/15/0

---

**COUNT-OFFENSE**

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|
| | | | | ☐ WAIVED |

DISPOSITION DATE & JUDGE:

DISPOSITION METHOD:
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

FINDING:
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation ☐ Pretrial probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/ restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated; defendant discharged

JUDGE: J. Walsh   DATE:

True copy attest

☐ ADDITIONAL COUNTS ATTACHED

---

A TRUE COPY ATTEST  X     CLERK-MAGISTRATE/ASST. CLERK    ON (DATE)

COURT ADDRESS:
445 THE ARBORWAY
JAMAICA PLAIN, MA 02130

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | | JUDGE | START TAPE NO. | TAPE START | STOP |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 5-1-98 | PT | ☐ Held ☐ Cont'd | 5-1-98 | | Hon. Coffey | 1971 | 3736 | 22 |
| 2 | 5-1-2000 | CW | ☐ Held ☐ Cont'd | 5-1-98 | | Hon. Coffey | 3736-1 | 3663 | |
| 3 | 5-6-99 | Brought Forw | ☐ Held ☐ Cont'd | 5-1-98 | | Hon. Coffey | 3737-1 | 0 | 435 |
| 4 | 5-20-99 | Surr Arraign | ☐ Held ☐ Cont'd | | | | | | |
| 5 | 6-11-99 | Arr | ☐ Held ☑ Cont'd | Driscoll J | | | | | |
| 6 | 7-12-99 | PVH | ☐ Held ☐ Cont'd | | | 7/13/99 W/150 | 7803-3 | 2800 | 330 |
| 7 | 8-20-99 | hear | ☐ Held ☐ Cont'd | | | | | | |
| 8 | 10-8-99 | Surr | ☐ Held ☑ cont | Maldonado J | | WAR (no notice sent) | | | |
| 9 | 9-27-02 | P | ☐ Held ☐ Cont'd | 2-20-01 Surr Arraign | | | | | |
| 10 | 2-7-01 | Brought Forw | ☐ Held ☐ Cont'd | | | | | | |

ARR=Arraignment   PT= Pretrial hearing   CE = Discovery compliance & jury election   T= Bench trial   J = Jury trial   PC = Probable cause hearing   M = Motion hearing   SR = Status review
SRP = Status review of payments   FA = First appearance in jury session   S = Sentencing   CW = Continuance-without-finding scheduled to terminate   P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted   WAR = Warrant issued   WARD = Default warrant issued   WR = Warrant or default warrant recalled   PR = Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 5-1-98 | Officer Lawler present. Hon. Coffey. Deportation warning given. RCF |
| 6-11-99 | Cont for PVH - deft to attend CUS at CI on 6-18-99 & cont to perform CUS to judge - PVH 7-12-99 |
| 10/5/99 | Habe issued SCHC - Δ incarcerated per PO Monahan (TS) RCF |
| 10-8-99 | After PVH during which violation was stipulated to, CWF is revoked and guilty finding entered. Δ is sentenced to 1 year HOC on and after completion of current sentence; That sentence is suspended until 9-27-02 during which time Δ is on supervised probation |
| 7/15/02 | WR'B Driscoll SP ip/find VOP case T&D Atty Lefi ... |

### ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED & JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES & COMMENTS | WAIVED |
|---|---|---|---|---|
| RCF-G | Legal Counsel Fee (211D §2A ¶2) | 100 | OR 20hrs C/S | |
| | Legal Counsel Contribution (211D §2) | | By 5-1-2000 | 10/8/99 Coffey |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | 45/CWS | 10-8-99 Hon. Coffey | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

Defendant in this case hereby tenders the following: **PLEA OF GUILTY** **ADMISSION TO FACTS SUFFICIENT FOR A FINDING OF GUILTY** conditioned on the dispositional terms indicated below. *Include all proposed terms (guilty finding, finding of sufficient facts, continued without finding dismissal, fine, costs, probation period and supervision terms, restitution amount including the identification of the recipient of restitution, and any sentence of incarceration, split sentence or suspended sentence, etc.). Number each count and specify terms for each count separately.*

| COUNT NO. | DEFENDANT'S DISPOSITIONAL TERMS (Check "Yes" if Prosecution agrees – Check "No" if Prosecution disagrees) | | PROSECUTOR'S RECOMMENDATION (Required if Prosecutor disagrees with terms) |
|---|---|---|---|
| A | CWOF 1 YEAR | YES ✓ / NO | ~~1 yr probat.~~ CWOF 2 yr D.3M |
| B | POSS ONLY CWOF 1 YEAR drug treatment | YES ✓ / NO / YES ✓ / NO / YES / NO / YES / NO | CWOF 2 yr, ~~1 yr probation~~<br>- Drug eval. + treat<br>- G.E.D.<br>- "Jail Brake" program at Nashua St.<br>- any additional progr. deemed approp. by prob. |

WE HAVE CONSULTED WITH THE PROBATION DEPARTMENT REGARDING ANY PROBATION TERMS SET FORTH ABOVE.

SIGNATURE OF DEFENSE COUNSEL X [signature]   DATE 5-1-98
SIGNATURE OF PROSECUTING OFFICER X [signature]   DATE 5/1/98

**SECTION II** — PLEA OR ADMISSION **ACCEPTED** BY THE COURT

The Court **ACCEPTS** the tendered Plea or Admission on defendant's terms set forth in Section I, and will impose sentence in accordance with said terms, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS.

**SECTION III** — PLEA OR ADMISSION **REJECTED** BY THE COURT

| The Court **REJECTS** the defendant's dispositional terms set forth above and, in accordance with Mass. R. Crim. P. 12(c)(6), has set forth to the defendant the dispositional terms it would find acceptable, to wit:<br><br>gov't's rec. is accepted | **DEFENDANT'S DECISION IF COURT REJECTS TENDERED PLEA OR ADMISSION:**<br><br>☐ Defendant **WITHDRAWS** the tendered Plea or Admission; the parties must complete and file a Pretrial Conference Report, a Pretrial Hearing must be conducted and a trial date scheduled, if necessary.<br><br>☒ Defendant **ACCEPTS** terms set forth by the Court, a Plea or Admission will be accepted by the court and said dispositional terms imposed, subject to submission of defendant's written WAIVER (See Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS. |
|---|---|

SIGNATURE OF JUDGE ACCEPTING OR REJECTING PLEA OR ADMISSION X [signature]   DATE 5/1/98
SIGNATURE OF DEFENSE COUNSEL (after rejection decision made) X [signature]   DATE 5/1/98

Probation Office

West Roxbury District Court
445 Arborway
Jamaica Plain, MA 02130

COMMONWEALTH vs _Jesse Wilson_
_31 Codman Park #1_
_Roxbury, MA 02119_

NOTICE OF SURRENDER AND HEARINGS FOR ALLEGED VIOLATIONS OF PROBATION

You are hereby notified to appear in this Court at 9 am on _5-20_ ~~5-3~~, 19_99_ for a hearing on a charge that you have violated the terms and conditions of your probation imposed by this court on ___ _5/1_, 19_98_ on the following complaints (Docket Number(s) and Brief Description):

_98-1494    Trep_
_____ _CWOF 5/1/2000 vwf_ _____

(Strike out (1) or (2) below, whichever is inapplicable):

(1)    This hearing will be to determine whether there is probable cause to believe you have committed a violation of your probation. If the Court so finds, there will be a subsequent hearing on the issue of revocation and imposition of additional sanctions. If you wish both hearings may be held at the same time. The same judge may not sit on both hearings unless you expressly agree thereto. In this particular case, you have the right to both hearings, but may waive the preliminary hearing if you wish.

(2)    This hearing will be a final hearing on the issue of whether your probation shall be revoked and additional sanctions imposed

You have the following rights:

(1)    A right to legal counsel, and if you are unable to afford counsel, the Court will appoint counsel for you.
(2)    A right to be confronted by the person alleging you have violated the terms of your probation and to cross-examine that person as well as any other persons who testify against you.
(3)    A right to insist that all testimony be under oath.
(4)    A right to remain silent and not to be prejudiced thereby.
(5)    A right to testify on your own behalf, to produce witnesses and other evidence to support your denial of the alleged violations or in a final revocation hearing to support the explanation or mitigation of any violation.

The notice of the alleged violation(s) of probation is as follows:

<u>Alleged Violations</u>                    <u>Date</u>                    <u>Place</u>

***See checked boxes for violations***

[X]    Subsequent Offense _Roxbury Court CSA Poss B 4/13/99_

[ ]    Failure to report to Probation as scheduled. Dates:

[X]    Failure to pay Court ordered fees. Amount due: _$1,215.00_

[ ]    Failure to successfully complete ordered program.

[ ]    Other:

Do not fail to appear in Court at the time and place ordered above. You may then request a continuance if additional time is required to protect your rights

Date: _5/4/99_                                Signature: _P. Michael Buckley_

YOU ARE TO CONTACT THIS DUTY ATTORNEY IMMEDIATELY TO PREPARE YOUR CASE
        Attorney: _____ To be assigned _X_ .    Phone: _____

***BRING THIS NOTICE WHEN YOU REPORT***

# CRIMINAL DOCKET

**DOCKET NO.** 0132CR000203

**ATTORNEY NAME:** B-Corey KD / R-Silva

**COURT DIVISION:** Fall River
INTERPRETER REQUIRED: ☐

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT:**
WILSON, JESSE
1277 MASS AVE
BOSTON, MA

**DEFT. DOB AND SEX:** 04/20/1980  M

**DATE OF OFFENSE(S):** 01/06/2001
**PLACE OF OFFENSE(S):** FALL RIVER

**COMPLAINANT:** ALBIN, JOHN
**POLICE DEPARTMENT:** FALL RIVER PD - DISP

**DATE OF COMPLAINT:** 01/08/2001
**RETURN DATE AND TIME:** 01/08/2001 08:30:00  ARREST

**DATE and JUDGE:**
3-26-03 Bail $135.00 Nina Machado
Bail Returned 5/15/03 #15762
JAN 8 2001 (Rocer?)
FEB 6/03 O'Neill

**DOCKET ENTRY:**
- ☐ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied and Deft Advised per 211D
- ☐ Waiver of counsel found after colloquy
- Terms of release set: 3/21/03 Cruz
  - ☐ PR  ☑ Bail: $135 CASH
  - ☐ Held (276 §58A)
  - ☐ See back for special conditions
- Arraigned and advised:
  - ☑ Potential of bail revocation (276 §58)
  - ☐ Right to drug exam (111E §10)
- Advised of right to jury trial:
  - ☐ Does not waive
  - ☑ Waiver of jury trial found after colloquy
- ☐ Advised of trial rights as pro se (Supp. R. 4)
- ☐ Advised of right of appeal to Appeals Ct

## COUNT/OFFENSE
**1. 268/32B RESIST ARREST c268 §32B**

DISPOSITION DATE and JUDGE: FEB 6 /03 O'Neill

DISPOSITION METHOD:
- ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING:
- ☐ Not Guilty
- ☑ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation    ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other
- ☑ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

## COUNT/OFFENSE
**2. 272/53/F DISORDERLY CONDUCT c272 §53**

DISPOSITION DATE and JUDGE: FEB 6/03 O'Neill

DISPOSITION METHOD:
- ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING:
- ☐ Not Guilty
- ☑ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other
- ☑ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

## COUNT/OFFENSE
**3. 272/53/G DISTURBING THE PEACE c272 §53**

DISPOSITION DATE and JUDGE: FEB 6/03 O'Neill

DISPOSITION METHOD:
- ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING:
- ☐ Not Guilty
- ☑ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other
- ☑ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

## COUNT/OFFENSE
**4. 94C/34/G DRUG, POSSESS CLASS D c94C §34**

FINE: 75   SURFINE: 25

DISPOSITION DATE and JUDGE: FEB 6/03 O'Neill

DISPOSITION METHOD:
- ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING:
- ☐ Not Guilty
- ☑ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION:
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

MAY 28 2003
RMV - 2/6/03

FINAL DISPOSITION:
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

MIRANDA RIGHTS WARNING GIVEN - G.L. c278, §29D

**COURT ADDRESS:**
Fall River District Court
289 Rock Street
Fall River, MA 02720

A TRUE COPY ATTEST: X
CLERK-MAGISTRATE/ASST. CLERK: O'Neill

DOCKET NUMBER: 0132CR000203    NAME: WILSON, JESSE

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2/21/01 | PT | DEFAULT/WARRANT MAY BE BAILED FOR AN AMOUNT NOT TO EXCEED $100.00 PER ORDER OF COURT ☐ Held ☐ Cont'd 1st JUSTICE | 9-28 | | WARRANT ISSUE CO | | | |
| 2 | | | ☐ Held ☐ Cont'd | | | | | | |
| 3 | 9/26/02 | PTRD | ☐ Held ☐ Cont'd | | | | | | |
| 4 | 2-6-03 ✓ | AM | ☐ Held ☐ Cont'd | | | | | | |
| 5 | 3-10-03 | CPD | ☒ Held ☐ Cont'd | | | | | | |
| 6 | 4/18/03 | CPP K | ☐ Held ☐ Cont'd | MOOT TO DUNLEE (Mitt ser) | | | | | |
| 7 | 5/14/03 | CPP | ☐ Held ☐ Cont'd | | | | | | |
| 8 | | | ☐ Held ☐ Cont'd | | | | | | |
| 9 | | | ☐ Held ☐ Cont'd | | | | | | |
| 10 | | | ☐ Held ☐ Cont'd | | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to termina
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hear

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| JAN 8 2001 | TO APPEAR IN WEST ROXBURY DIST CT 1/19 |
| 7/12/02 | PROBATION SURRENDER NOTICE SERVED IN HAND  WARRANT RECALL  arrest (M.F.) |
| | JURY OF SIX LH /2/5/02 JT LH |
| MAR 10 2003 3/21/03 | DEFAULT WARRANT ... WARRANT ISSUE KD  WMS RECALLED  arrest    5/14/03 fines/fees SS- 5/28/03 |

### ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIV |
|---|---|---|---|---|
| JAN 8 2001 | Legal Counsel Fee (211D §2A ¶2) | $100 | SS. 5/28/03 | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |