UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

NO.  05 10218 RCL

JESSE WILSON

SENTENCING MEMORANDUM

Through counsel, Jesse Wilson, files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in l8 U.S.C. Section 3553(a).

**Sentencing under *Booker***

On January l2, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, l24 S.Ct. 253l (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines.  United States v. Booker, l25 S.Ct. 738, 756 (2005).  Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. Id. at 75l.  Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of l984 that make the Guidelines mandatory, l8 U.S.C. Section 3553(b)(1) or which rely upon the Guidelines's mandatory nature, l8 U.S.C. Section 3742(e),

incompatible with its Sixth Amendment holding. Booker, l25 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker,

> requires a sentencing court to consider Guidelines ranges, see l8 U.S.C.A. Section 3553(a)(4)(Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see Section 3553(a).

Booker, l25 S.Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in l8 U.S.C. Section 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
( C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense, and the history and characteristics of the defendant" (Section 3553(a)(1);
2) "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; ( C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most affective manner;"
3) "the kinds of sentences available";
4) "the kind of sentence and the sentencing range established for (A) the applicable

     category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the sentencing commission...";

5) "any pertinent policy statement issued by the sentencing commission...that is in affect on the date the defendant is sentenced";

6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and

7) "the need to provide restitution to any victims of the offense".

  Other statutory sections also give the district court direction in sentencing. Under l8 U.S.C. Section 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

  Under l8 U.S.C. Section 366l, "*no limitation* shall be placed on the information concerning the background, character, and conflict of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (non-advisory) police statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. Section 5H1. See also, United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS l568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States

v. Naylor, _F.Supp. 2d_, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 34l8 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses - he was l7 - and noting that in Roper v. Simmons, l25 S.Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and Section 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the Section 3353(a) factors, many of which the guidelines either reject or ignore." United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." United States v. Jaber, _F.Supp. 2d_, 2005 WL 605787*4 (D. Mass. March 16, 2005) (Gertner, J.). See also, United States v. Ameline, 400 F.3d 645, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), reh'g en banc granted, 40l F.3d 1007 (19th Cir. 2005).

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise - if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed - its opinion would surely say so.

Booker, l25 S.Ct. at 79l (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the Section 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in Section 3553(a), these statutory sentencing factors should generally trump the guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J. Concurring in part, dissenting in part) (arguing that since Section 3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

## Application of the Statutory Sentencing Factors to the Facts of this Case

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**Mr. Wilson is 27 years old and at the time of the instant offense had just recently turned 25. Growing up was extremely turbulent for Mr. Wilson, as both of his parents were alcoholics and depending on their state of sobriety and/or the nature of their relationship with their respective boyfriends or girlfriends, were in and out of Mr. Wilson's life. Mr. Wilson was bounced around multiple times between his mother, father and grandmother. On one occasion, Mr. Wilson, after his father had been kicked out of the house in which he was living by his father's then girlfriend, was told to leave the residence himself and because Mr. Wilson did not know where his father was, was forced to spend the night in a car. Mr. Wilson was approximately ll or l2 at the time. Due to the multiple moves between households that Mr. Wilson was put through, he attended five elementary schools, two middle schools and two high schools. All of these forced relocations and the instability of his family life cause havoc with Mr. Wilson and eventually led his grandmother to attempt to place him into counseling when he was a young teenager. The counseling, unfortunately, did not last long and Mr. Wilson continued along the path of his chaotic family life and at the age of l7 began to engage in criminal activity. Mr. Wilson also began to use drugs and consumed excessive amounts of alcohol. Mr. Wilson submits that the lack of stability in his upbringing, although not an excuse for his subsequent activity, should be taken into account when imposing sentence.**

**Mr. Wilson also submits that the circumstances of the instant offense do not call for anywhere near the sentence that the Government is asking this Court to impose. At the time of his arrest Mr. Wilson was not engaged in any criminal activity other than possessing the weapon but rather was just a passenger in a car that was pulled over for a motor vehicle violation. He was not in possession of any illegal substances nor was there any indication that he was going to use the gun he possessed in some other criminal activity. Certainly, the activity that Mr. Wilson engaged in at the time of his arrest is not excusable but it does not warrant a sentence that the Government is requesting and most likely can be understood as being caused by Mr. Wilson knowing that it was unlawful to possess the gun.**

**Last, while incarcerated since his July, 2005 arrest, Mr. Wilson has obtained his GED and hopes to go on to college. Unfortunately, there is no other type of counseling courses that Mr. Wilson can attend since he is a pre-sentence detainee. Mr. Wilson certainly recognizes the wrongfulness of his conduct and the wrong direction his life was heading in at the time of his arrest but believes given the time he has spent in jail awaiting sentence and his**

**obtaining of his GED, he can put his life on the right direction.  As a result, a lengthy sentence in this matter would be unreasonable and not required to protect the public.**

        Respectfully submitted,
        Jesse Wilson,
        By his Attorney,

Date:  September 4, 2007      /S/   Paul J. Garrity
        Paul J. Garrity
        14 Londonderry Road
        Londonderry, NH 03053
        434-4l06
        Bar No. 905

## CERTIFICATE OF SERVICE

I, Paul J. Garrity, herein certify that on this 4th day of September, 2007, a copy of the within was e filed to the U.S. Attorney's Office and the probation officer.

        /S/   Paul J. Garrity
        Paul J. Garrity