## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CRIMINAL NO. 05-10218-RCL** |
| **JESSE WILSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### GOVERNMENT'S REVISED SENTENCING MEMORANDUM[1]

The government's submits this Revised Sentencing Memorandum in support of its Motion for Upward Departure and Deviation, and to address several objections raised by defendant Jesse Wilson to the Presentence Report ("PSR").

**I.    Computing Wilson's Advisory Guidelines Sentencing Range**

Wilson pleaded guilty on January 24, 2007 to a one-count Superseding Indictment charging him with being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §922(g)(1).

The government agrees with Probation's determination that Wilson's base offense level is 20 under U.S.S.G. §2K2.1(a)(4)(A), that his Criminal History Category is IV, and that his Total Offense Level after acceptance of responsibility is 17. Thus, Wilson's advisory sentencing guideline range is 37-46 months. For the reasons discussed below, and those to be addressed at the sentencing hearing, the government recommends that the Court depart and deviate upward and sentence Wilson to the maximum statutory prison term of 10 years.

---

[1] This Revised Sentencing Memorandum replaces the Government's Sentencing Memorandum filed on August 29, and is necessitated by significant changes in Wilson's criminal history and advisory guidelines offense level as contained in the third revised PSR.

### A. **Criminal History Calculation**

Wilson's advisory guidelines sentencing range is dependent entirely on his prior criminal history, therefore that will be addressed here first. The third revised PSR determined that Wilson has 9 criminal history points. PSR ¶45.[2] The details of the convictions included in that calculation are described in paragraphs 34-37 of the PSR. Wilson objects to the inclusion of the conviction in paragraph 35. Wilson does not object to counting the convictions in paragraphs 34, 36 and 37, each of which adds two points.

Wilson contends that the charges described in paragraph 35 did not result in a conviction to be counted as part of his criminal history because the disposition was "guilty, filed." In support, Wilson relies on a variety of Massachusetts state decisions holding that "guilty, filed" dispositions are not judgments of conviction. The most recent case cited, Commonwealth v. Simmons, 448 Mass. 687, 863 N.E. 2d 549 (2007), includes a lengthy discussion of the practice in Massachusetts of placing cases "on file." To summarize, after a guilty plea, a Massachusetts state court may, with the consent of the defendant and Commonwealth, place the case "on file," thus suspending sentencing indefinitely, but not dismissing the case. 448 Mass. at 688, 863 N.E. 2d at 551. The state court retains the power, upon motion of either party at any time, to remove the case from the file and proceed to sentencing. 448 Mass. at 696, 863 N.E. 2d at 556-57.

However, contrary to Wilson's position, a "guilty, filed" fits squarely within the sentencing

---

[2] In the first revised PSR, the Probation Office determined that Wilson had 18 criminal history points. Thereafter, Wilson filed a motion in the Fall River District Court for a new trial on five of his prior convictions, which the court allowed on July 17, 2007. As a result, Wilson's criminal history points were reduced to 10, and he was no longer deemed an Armed Career Criminal subject to a 15 year minimum mandatory sentence. The third revised PSR concluded that because the conviction described in ¶33 was committed while Wilson was under 18, it was not to be included in calculating his criminal history, thus reducing it further to 9 points.

guidelines definition of a "prior sentence."   U.S.S.G. §4A1.2(f) ("A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under §4A1.1(c) even if a conviction is not formally entered . . ."). The relevant criminal docket (attached as Exhibit A) reflects that Wilson pleaded guilty to Resisting Arrest, Disorderly Conduct and Disturbing the Peace, and that all three charges were "filed" with Wilson's consent.  Thus, even though a conviction was never formally entered, Wilson's admission of guilt is counted under §4A1.1(c).  The inclusion of such diversionary dispositions in calculating a defendant's criminal history "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. §4A1.2, Comment (n. 9).

In the alternative, the "guilty, filed" in paragraph 35 is countable as a  "prior sentence" because it is a conviction for which Wilson has not yet been sentenced.  §4A1.2(a)(4) ("Where a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under §4A1.1(c) if a sentence resulting from that conviction otherwise would be countable").  For purposes of that paragraph, a conviction is defined to mean "that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere."  Id.  Wilson's guilt in the state case was established by his guilty plea and, under Massachusetts procedure, his sentencing was postponed indefinitely (i.e., filed).  Commonwealth v. Simmons, supra.  Thus, it was a conviction for which he had not yet been sentenced.

For all these reasons, the offenses described in ¶35 of the PSR, and reflected on Exhibit A,

were properly included, and one point added, in the criminal history calculation.[3]

**B. Base Offense Level**

It is not clear whether Wilson is now conceding the correctness of the PSR's base offense level calculation of 20 (third addendum to PSR, objection #1), or is still contending that it is only 14 (second addendum to PSR, objection #1). The government agrees with the Probation Office's calculation of 20.

Under §2K2.1(a)(4)(A), the base offense level is 20 if the defendant had one prior felony conviction of either a crime of violence or a controlled substance offense. Wilson's conviction for Resisting Arrest (¶35) qualifies as a crime of violence.[4] As discussed in the preceding section, that conviction properly received a criminal history point under §4A1.1(c). Therefore, by definition, it is included as a prior felony conviction for purposes of §2K2.1(a)(4)(A). See U.S.S.G. §2K2.1, Comment (n. 10) ("For purposes of applying subsection (a)(1), (2), (3), or (4)(A), use only those felony convictions that receive criminal history points under §4A1.1(a), (b), or (c)).

---

[3] Wilson also contends in Objection #7 (Second Addendum) that since five of his prior convictions have been vacated, he should not receive two criminal history points for committing the current offense less than two years after release from a prior sentence. But as the PSR noted in response, the offense described in ¶36 was not vacated and that serves as a basis for this enhancement. See also PSR ¶44.

[4] A "crime of violence" is defined as any federal or state offense punishable by a term of imprisonment exceeding one year, that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. §4B1.2(a). Under Massachusetts law, Resisting Arrest carries a maximum term of imprisonment of two and a half years, and involves knowingly preventing or attempting to prevent a police officer from effecting an arrest by "(1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another." M.G.L. c. 268 §32B. Thus, the statutory elements fit within the guidelines definition of "crime of violence."

4

Based on all the foregoing, the government submits that Wilson's Total Offense Level, after acceptance of responsibility, is 17, his Criminal History Category is IV, and his Guidelines Sentencing Range is 37-46 months.

## III.  Government's Motion for Upward Departure and Deviation

The government has moved for an upward departure and deviation to a sentence of 10 years imprisonment, based on the inadequacy of Wilson's criminal history category (U.S.S.G. §4A1.3), as well as the factors set forth in 18 U.S.C. §3553(a).

### A.  Inadequacy of Wilson's Criminal History Category

As noted above, Wilson's criminal history at the time of his guilty plea included five convictions which have since been vacated. All of those charges remain outstanding. The vacated convictions include Assault and Battery on a Police Officer (PSR ¶49), Possession of a Class D Substance (PSR ¶49a), Assault and Battery (PSR ¶49b), Assault and Battery (PSR ¶49c), and Assault and Battery (PSR ¶49d). After pleading guilty, Wilson was sentenced to prison time for three of those convictions (PSR ¶¶49, 49a, 49c). The other two were "filed" after guilty pleas. In addition, a conviction for Possession of a Class B Substance With Intent to Distribute is not included in the criminal history calculation because it was committed before Wilson turned 18 and the sentence imposed more than five years before the present offense.[5]

---

[5]     Wilson contends that, contrary to the PSR, the record does not reflect that he pleaded guilty to Possession of a Class B Substance with the Intent to Distribute, but only to Possession. In support, Wilson relies on the Tender of Plea form in that state case. (A copy of that form, appended to the docket, is attached as Exhibit B). But as the PSR notes, that was merely Wilson's proposal, which was rejected by the judge, who instead adopted the government's recommendation. See response to objection #4, first addendum; Exhibit B (Section II). Most importantly, the official record contained in the criminal docket sheet (Exhibit B) reflects that Wilson admitted to sufficient facts for Possession of a Class B Substance with Intent to Distribute and the matter was continued without a finding.

The guidelines state that an upward departure may be warranted if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." §4A1.3. Here, Wilson's total criminal history points, prior to the five convictions being vacated, was 18, and his Criminal History Category was VI. See PSR revision dated 6/20/07 at ¶¶45, 46. Wilson had also been subject to the Armed Career Criminal Provisions of 18 U.S.C. §924(e), with a resulting increase in his Total Offense Level to 30, id. at ¶30, a mandatory minimum of 15 years and a guideline range of 180-210 months. Id. at ¶¶96, 97. Since those five convictions have been vacated, they may not be counted in calculating Wilson's criminal history. But the Court may consider the underlying criminal conduct in determining whether an upward departure under §4A1.3 is warranted. §4A1.2, Comment (n. 6).[6]

As for the under-18 conviction, the Court may consider it in determining whether to depart upward under §4A1.3 if the Court finds that the conviction is evidence of similar, or serious dissimilar, criminal conduct by the defendant. §4A1.2, Comment (n. 8). Two of Wilson's countable convictions and one of the vacated ones involved similar criminal conduct, i.e., possession of illegal drugs. PSR ¶¶34, 35 and 49a. This under-18 conviction was similar and more serious - possession with intent to distribute - thus it provides further support for an upward departure.

---

[6] In the alternative, in determining whether such an upward departure is appropriate the sentencing court may consider "[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense." §4A1.3(a)(2)(D). At the time Wilson committed the present offense, two of his prior Assault and Battery offenses (PSR ¶¶49b, 49c), had been resolved by pleas of "guilty, filed." Thus, he was awaiting sentencing on both. Moreover, since all five convictions have been vacated and the charges remain outstanding, they could all be deemed to have been "pending trial" at the time Wilson committed the current offense.

Wilson's five vacated convictions all involved either crimes of violence or controlled substance offenses, and he was sentenced to prison time for three of them.[7] Wilson's under-18 offense was a controlled substance offense, which Wilson committed when he was only 17 days short of turning 18. These six, serious, uncounted convictions establish that Wilson's criminal history category substantially under-represents the seriousness of his true criminal history and the likelihood that he will commit other crimes.

For all the above reasons, the Court should depart upward to a Criminal History Category VI (§4A1.3(a)(4)(A)), and further depart upward from Category VI to at least a level 22 (§4A1.3(a)(4)(B)). See, e.g., United States v. Tavares, 93 F.3d 10, 16-17 (1st Cir. 1996).

**B. 18 U.S.C. §3553(a) Factors**

A consideration of the factors set forth in 18 U.S.C. §3553(a) further supports and counsels for a sentence above the applicable advisory guideline range, and above a departure based on the inadequacy of Wilson's criminal history category. The primary justifications for a further increase in Wilson's sentence are the need to reflect the seriousness of the offense; the need to afford adequate deterrence to criminal conduct; and, the need to protect the public from further crimes by Wilson.

Wilson's offense of being a felon in possession of a firearm and ammunition is a serious one,

---

[7] Wilson appears to have taken steps to prevent a final adjudication on those charges, which are still pending, until after he is sentenced in this case. After Wilson's motion for new trial was allowed, the state court scheduled those trials for September 28, 2007, which would have been after the then-scheduled September 5 sentencing date in this case. See copy of docket sheets from the Fall River District Court, attached as Exhibit C. After this Court, sua sponte, continued the sentencing to November 5, Wilson filed a motion to continue the state trials. Id. Although that motion stated the unavailability of counsel as reason for the continuance, all of the new dates requested by Wilson were after November 5. See copy of motion, attached as Exhibit D. The state court has scheduled trial of those cases for November 14.

as were the circumstances of his carrying the gun and his arrest. The firearm and ammunition were not found locked up in Wilson's home. Instead, he was carrying the loaded gun with him in the backseat of a car on a late summer afternoon in an area of Brockton known for its street level drug dealings, violent crime and prostitution. The likelihood that the gun was to have been used in some other criminal activity is great. Moreover, when police officers ordered Wilson from the car, he attempted to escape, punching and kicking the officers and reaching for one officer's gun in an unsuccessful attempt to break free. PSR ¶12.

Wilson's history and personal characteristics also support an enhanced sentence. Wilson, who is only 27, was expelled from high school in the 10th grade subsequent to an arrest. PSR ¶81. Wilson was in state custody "intermittently" from 1998 to 2003, and from 2/18/04 to 10/14/04. PSR ¶¶87, 89. Since 1998, Wilson has had only one confirmed, legitimate job, working for six months at a Dunkin' Donuts. PSR ¶¶84-89. He started that job shortly after being released from state custody, quit that job after six months, and within another month had been arrested on the current offense. PSR ¶86.

A sentence well above the applicable advisory guideline range is necessary to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for this offense. Wilson's history and record of assaults and drug offenses reflect a person who is disrespectful of the law and other people. However, the state sentences he has received for those crimes have all been fairly modest and it is obvious that they have not deterred Wilson from further criminal activity. A substantial sentence now is necessary to send a clear message of deterrence to Wilson. Moreover, a lengthy term of incarceration is necessary to protect the public from Wilson. The sooner Wilson is released, the sooner he will be back on the streets. Everything about his

history to date shows that he is a danger to society.

## IV.  Conclusion

For all the above reasons, the government recommends a sentence of 120 months imprisonment, to be followed by 3 years of supervised release, a fine of $5,000 and a mandatory special assessment of $100.

## V.    Proposed Findings of Fact and Conclusions of Law

The government proposes that the Court make the following findings of fact and conclusions of law in imposing a sentence above the applicable advisory guidelines range:

1.  I find by reliable information that: a) the criminal conduct underlying Wilson's five convictions for serious crimes of violence and controlled substance offenses which have been vacated recently and remained pending against Wilson at the time of the present offense (PSR ¶¶49-49d) are relevant to determining an upward departure under §4A1.3; b) Wilson's conviction for Possession of a Class B Substance with Intent to Distribute was committed 17 days prior to Wilson turning 18 and was similar to, and more serious than, other drug crimes he committed; and c) had those six convictions been considered in calculating Wilson's guideline range and Criminal History Category, Wilson would have had a CHC of VI and be facing a 15 year mandatory minimum prison sentence and an advisory guideline range of 180-210 months.  These factors establish to me that Wilson's criminal history category substantially under-represents the seriousness of his criminal history or the likelihood that he will commit other crimes, §4A1.3, meriting an upward departure to a Criminal History Category VI.  I also find that the extent and nature of Wilson's criminal history category, as described in the PSR, are sufficient to warrant an upward departure from CHC VI, and an increase of his offense level to 22, for a sentencing guideline range of 84-105 months.

2.  Based on Wilson's serious and dangerous offense conduct in the present case, his violent actions during arrest, his substantial criminal history, his repeated state incarcerations since 1998, his lack of legitimate employment while not in custody, and his propensity to engage in violent and drug related actions, I find that the need to reflect the seriousness of the offense; the need to afford adequate deterrence to criminal conduct; and the need to protect the public from further crimes of the defendant (18 U.S.C. §3553(a)) together merit a further deviation upward from the advisory sentencing guidelines to a sentence of 120 months imprisonment, the maximum sentence for this offense.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:     *s/Mark J. Balthazard*
MARK J. BALTHAZARD
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
  United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Date: October 30, 2007          (617)748-3100

Certificate of Service

I hereby certify that on October 30, 2007, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mark J. Balthazard
MARK J. BALTHAZARD
Assistant U.S. Attorney

10

Ø022

**CRIMINAL DOCKET**

DOCKET NO.
0132CR000203

ATTORNEY NAME

B. Corey MD
R. Silva

| | |
|---|---|
| COURT DIVISION<br>Fall River | ☐ INTERPRETER REQUIRED |

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

WILSON, JESSE
1277 MASS AVE
BOSTON, MA

DEFT. DOB AND SEX
04/20/1980    M

DATE OF OFFENSE(S)
01/06/2001

PLACE OF OFFENSE(S)
FALL RIVER

COMPLAINANT
ALBIN, JOHN

POLICE DEPARTMENT (if applicable)
FALL RIVER PD - DISP

DATE OF COMPLAINT
01/08/2001

RETURN DATE AND TIME
01/08/2001 08:30:00    ARREST

DATE and JUDGE
3-26-03 Bail
☒ 135.00 reng
macha do

Bail returned
5/15/03 #15162

(Roger G.) 1866800

DOCKET ENTRY
Attorney appointed (SJC R. 3:10)
☐ Atty denied and Deft Advised per 211D !
☐ Waiver of counsel found after colloquy

Terms of release set: 3/2/03 crice
☐ PR    ☐ Bail:
☒ Held (276 §58A) $135 CASH
☐ See back for special conditions

Arraigned and advised:
☐ Potential of bail revocation (276 §58)
18668000803K2 27 03BAIL (276 §58)    13
☐ Right to drug exam (111E §10)

Advised of right to jury trial:
☐ Does not waive
☒ Waiver of jury trial found after colloqu

Advised of trial rights as pro se (Supp. R. 4)
Advised of right to appeal to Appeals Ct (R.

**COUNT/OFFENSE**
1. 268/32B RESIST ARREST c268 §32B

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSME |
|---|---|---|---|---|
| | | | | ☐ WA |

DISPOSITION DATE and JUDGE
FEB    B. O'neill

DISPOSITION METHOD
☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 276 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.   ☐ Request of Victim
☐ Request of Deft   ☐ Failure to prosecute   ☐ Other:
☐ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

JUDGE    DATE

**COUNT/OFFENSE**
2. 272/53/F/ DISORDERLY CONDUCT c272 §53

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMI |
|---|---|---|---|---|
| | | | | ☐ WA |

DISPOSITION DATE and JUDGE
FEB. 6 /03    O'neill

DISPOSITION METHOD
☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 276 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.   ☐ Request of Victim
☐ Request of Deft   ☐ Failure to prosecute   ☐ Other:
☑ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

JUDGE    DATE

**COUNT/OFFENSE**
3. 272/53/G/ DISTURBING THE PEACE c272 §53

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMI |
|---|---|---|---|---|
| | | | | ☐ W. |

DISPOSITION DATE and JUDGE
FEB /6 /03    O'neill

DISPOSITION METHOD
☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 276 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.   ☐ Request of Victim
☐ Request of Deft   ☐ Failure to prosecute   ☐ Other:
☑ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

**COUNT/OFFENSE**
4. 94C/34/G DRUG, POSSESS CLASS D c94C §34

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSM |
|---|---|---|---|---|
| 75 | 25 | | | ☐ V |

DISPOSITION DATE and JUDGE
FEB /6

DISPOSITION METHOD
☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 276 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.   ☐ Request of Victim
☐ Request of Deft   ☐ Failure to prosecute   ☐ Other:
☐ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

MAY 2 8 2003

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

RMV - 2/6/03    JUDGE    DATE

ALIEN RIGHTS WARNING
GIVEN    G.L. c.278, §29D

A TRUE COPY ATTEST:    X    CLERK-MAGISTRATE/ASST. CLERK    ON (DATE)

COURT ADDRESS
Fall River District Court
289 Rock Street
Fall River, MA 02720

☐ ADDITIONAL COUNTS ATTACHED

DOCKET NUMBER:  0132CR000203          NAME: **WILSON, JESSE**

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT DEFAULT/WARRANT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 2/21/01 | PT | WM MAY BE RECALLED FOR A MAXIMUM AMOUNT NOT TO EXCEED $100.00 PER ORDER OF COURT □ Held □ Cont'd  1st JUSTICE | 9-28 | WARRANT ISSUE  CO | | | |
| 2 | | | | | | | | |
| 3 | 9/26/02 | PTMD | □ Held □ Cont'd | | | | | |
| 4 | 2-6-03 | | □ Held □ Cont'd | | | | | |
| 5 | 3-10-03 | CFP | □ Held □ Cont'd | | | | | |
| 6 | 4/18/03 | CFP K | □ Held □ Cont'd  MOOT TO DONLEE (MITT ISS) | | | | | |
| 7 | 5/14/03 | CFP | □ Held □ Cont'd | | | | | |
| 8 | | | □ Held □ Cont'd | | | | | |
| 9 | | | □ Held □ Cont'd | | | | | |
| 10 | | | □ Held □ Cont'd | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status revie
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to termina
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hear

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| JAN 8 2001 | TO APPEAR IN WEST ROXBURY DIST CT 1/19 |
| 7/12/02 | PROBATION SURRENDER NOTICE SERVED IN HAND  WARRANT RECALL  arrest (M.F.) |
| | JURY OF SIX LH /2/5/02 JT LH |
| MAR 10 2003 | DEFAULT/WARRANT MAY BE RECALLED FOR A MAXIMUM AMOUNT NOT TO EXCEED $100.00 PER ORDER OF COURT  1st JUSTICE  WARRANT ISSUE KD |
| 3/21/03 | WMS RECALLED  arrest  5/14/03 Fines/Fees SS 5/28/03 |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAI |
|---|---|---|---|---|
| JAN 8 2001 | Legal Counsel Fee (211D §2A ¶2) | $100 | SS. 5/28/03 | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |
| | | | | |
| | | | | |
| | | | | |

# CRIMINAL DOCKET

DOC. NO. 9806 CR 1494

ATTORNEY NAME *(handwritten)*

DATE & JUDGE *(handwritten)* 4/3/98 Rofo

DOCKET ENTRY
- ☒ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied & Deft advised per 211D §2
- ☐ Waiver of counsel found after colloquy

Terms of release set:
- ☒ PR ☐ Bail:
- ☐ Held (276 §58A)
- ☐ See back for special conditions

Arraigned and advised:
- ☒ Potential of bail revocation (276 §58)
- ☐ Right to bail review (276 §58)
- ☐ Right to drug exam (111E §10)

Advised of right to jury trial
- ☐ Does not waive
- ☒ Waiver of jury trial found after colloquy

Advised of trial rights as pro se (Supp. R. 4)

Advised of right of appeal to Appeals Ct (R. 2

*(handwritten)* 4-3-98 Rofo
*(handwritten)* May 1st, 1998 Hon. Coffey

COURT DIVISION: JC WEST ROXBURY
☐ Interpreter Required *(language:)*

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

Jesse Wilson
31 Codman Pk
Roxbury, MA. 02119

DEFT. DOB AND SEX: 04-20-80

OFFENSE CODE(S): 216.802b

DATE OF OFFENSE(S): 04-02-98

PLACE OF OFFENSE(S): 655 Met. Ave

COMPLAINANT: PO Brian Lawler

POLICE DEPARTMENT *(if applicable)*: School Police

DATE OF COMPLAINT: 04-03-98

RETURN DATE AND TIME: Arrest

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| A. TRESPASS ON LAND, DWELLING, ETC. c266 s120 | PSF/CVS | | | | $35 ☐ WAIVE |

DISPOSITION DATE & JUDGE: 5-1-98 HON. Coffey

SENTENCE OR OTHER DISPOSITION
- ☒ Sufficient facts found but continued without guilty finding until: 2 yrs 5.1.2000
  - urine analysis
  - Jail Break Prog
  - drug eval + treatment as deemed necessary
- ☐ Probation ☐ Pretrial probation(276 §87) - until
- ☐ To be dismissed upon payment of court costs/ restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
  - ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
  - ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
- ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

FINDING
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

FINAL DISPOSITION
- ☐ Dismissed on recommendation of Probation Dept.
- ☒ Probation terminated; defendant discharged

JUDGE: DRISCOLL    DATE: 7/8/0

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| B. POSS CL B W/I DIST W/I 1000FT SCHOOL c94c,s32J | | | | 2339C000008/07/02LGCF | ☐ WAIVED |

DISPOSITION DATE & JUDGE: 5-1-98 HON. Coffey

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation ☐ Pretrial probation(276 §87) - until:
- ☐ To be dismissed upon payment of court costs/ restitution
- ☒ Dismissed upon: ☒ Request of Comm. ☐ Request of victim
  - ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
  - ☒ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

FINDING
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

FINAL DISPOSITION
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated; defendant discharged

JUDGE:    DATE:

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| C. Poss. with entent class B Rofo 4/3/98 | | | | | ☐ WAIVED |

DISPOSITION DATE & JUDGE: 5-1-98 HON. Coffey

SENTENCE OR OTHER DISPOSITION
- ☒ Sufficient facts found but continued without guilty finding until: 5.1.2000 Conc. w/A
- ☐ Probation ☐ Pretrial probation(276 §87) - until:
- ☐ To be dismissed upon payment of court costs/ restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
  - ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
  - ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
- ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

FINDING
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

FINAL DISPOSITION
- ☐ Dismissed on recommendation of Probation Dept.
- ☒ Probation terminated; defendant discharged

JUDGE: DRISCOLL    DATE: 7/15/0

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

DISPOSITION DATE & JUDGE:

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation ☐ Pretrial probation(276 §87) - until:
- ☐ To be dismissed upon payment of court costs/ restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
  - ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
  - ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

FINDING
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

FINAL DISPOSITION
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated; defendant discharged

JUDGE:    DATE:

☐ ADDITIONAL COUNTS ATTACHED

COURT ADDRESS:
445 THE ARBORWAY
JAMAICA PLAIN, MA 02130

A TRUE COPY ATTEST: X

CLERK-MAGISTRATE/ASST. CLERK

ON (DATE)

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | START | TAPE# | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 5-1-98 | PT | ☐ Held  ☐ Cont'd | 5.1.98 | Hon. Coffey | A71 | 3736 | 22 |
| 2 | 5.1.2000 | CW | ☐ Held  ☐ Cont'd | 5.1.98 | Hon. Coffey | 3736-1 | 3663 | |
| 3 | 5-6-99 | Brought Forw | ☐ Held  ☐ Cont'd | 5.1.98 | Hon. Coffey | 3737-1 | 0 | 435 |
| 4 | 5-20-99 | Surr Arraign | ☐ Held  ☐ Cont'd | | | | | |
| 5 | 6-11-99 | Arr | ☐ Held  ☐ Cont'd  Driscoll J | | | | | |
| 6 | 7-13-99 | PVH | ☐ Held  ☐ Cont'd | | 7/13/99 Y/1000 | 7803 | 2800 | 330 |
| 7 | 8-20-99 | PVH | ☐ Held  ☐ Cont'd | | | | | |
| 8 | 10-8-99 | Sent | ☐ Held  ☐ Cont'd  Maldonado J | | | | | |
| 9 | 9-27-02 | P | ☐ Held  ☐ Cont'd | 2-20-01 Surr Arraign | WARD Δ not present | | | |
| 10 | 2-7-01 | Brought Forw | ☐ Held  ☐ Cont'd | | | | | |

ARR=Arraignment   PT=Pretrial hearing   CE = Discovery compliance & jury election   T= Bench trial   J = Jury trial   PC = Probable cause hearing   M = Motion hearing   SR = Status review
SRP = Status review of payments   FA = First appearance in jury session   S = Sentencing   CW = Continuance-without-finding scheduled to terminate   P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted   WAR = Warrant issued   WARD = Default warrant issued   WR = Warrant or default warrant recalled   PR = Probation revocation hearing

## OTHER DOCKET ENTRIES

| ENTRY DATE | |
|---|---|
| 5-1-99 | Offices Lawler present. Hon Coffey. Deportation warning given ___ |
| 6-11-99 | Cont for PVH — deft to attend CVS at Ct on 6-18-99 & cont to prepare CVS to page — PVH 7-13-99 |
| 10/5/99 | Hobe issued SCHC - Δ incarcerated per PO Monahan Refs |
| 10-8-99 | After PVH during which violation was stipulated to, CWF is revoked and guilty finding entered. Δ is sentenced to 1 year HOC on and after completion of current sentence; that sentence is suspended until 9-27-02 during which time Δ is on supervised probation |
| 7/15/02 | WR TS Driscoll Stip Wrd VOP case ___ Atty ___ |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED & JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES & COMMENTS | WAIVED |
|---|---|---|---|---|
| RC/G | Legal Counsel Fee (211D §2A ¶2) | 100 | OR 20 HRS C/S | |
| | Legal Counsel Contribution (211D §2) | | By 5.1.2000 | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | 45/CVS | 10-8-99 Hon. Coffey | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

Defendant in this case hereby tenders the following:     **PLEA OF GUILTY**     **ADMISSION TO FACTS SUFFICIENT FOR A FINDING OF GUILTY** conditioned on the dispositional terms indicated below. *Include all proposed terms (guilty finding, finding of sufficient facts, continued without finding, dismissal, fine, costs, probation period and supervision terms, restitution amount Including the identification of the recipient of restitution, and any sentence of incarceration, split sentence or suspended sentence, etc.). Number each count and specify terms for each count separately.*

| COUNT NO. | DEFENDANT'S DISPOSITIONAL TERMS (Check "Yes" if Prosecution agrees – Check "No" If Prosecution disagrees) | | PROSECUTOR'S RECOMMENDATION (Required if Prosecutor disagrees with terms) |
|---|---|---|---|
| A | CWOF 1 YEAR | YES / NO | ~~G 1 yr probat,~~ CWOF 2 yr |
| B | POSS ONLY CWOF 1 YEAR drug TREATMENT | YES NO / YES / NO YES NO YES NO | D.3m  G CWOF 2 yr, ~~1 yr probation~~ – Drug eval. + treat – G.E.D. – "Jail Brake" program at Nashua St. – any additional progu deemed approp. by prob |

WE HAVE CONSULTED WITH THE PROBATION DEPARTMENT REGARDING ANY PROBATION TERMS SET FORTH ABOVE.

| SIGNATURE OF DEFENSE COUNSEL X | DATE 5-1-98 | SIGNATURE OF PROSECUTING OFFICER X | DATE 5/1/98 |
|---|---|---|---|

**SECTION II** | PLEA OR ADMISSION **ACCEPTED** BY THE COURT

The Court     **ACCEPTS** the tendered Plea or Admission on defendant's terms set forth in Section I, and will impose sentence in accordance with said terms, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS.

**SECTION III** | PLEA OR ADMISSION **REJECTED** BY THE COURT

| The Court     **REJECTS** the defendant's dispositional terms set forth above and, in accordance with Mass. R. Crim. P. 12(c)(6), has set forth to the defendant the dispositional terms it would find acceptable, to wit: *gov't's rec. is accepted.* | **DEFENDANT'S DECISION IF COURT REJECTS TENDERED PLEA OR ADMISSION:** Defendant **WITHDRAWS** the tendered Plea or Admission; the parties must complete and file a Pretrial Conference Report, a Pretrial Hearing must be conducted and a trial date scheduled, if necessary. Defendant **ACCEPTS** terms set forth by the Court, a Plea or Admission will be accepted by the court and said dispositional terms imposed subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS. |
|---|---|

| SIGNATURE OF JUDGE ACCEPTING OR REJECTING PLEA OR ADMISSION X | DATE 5/1/98 | SIGNATURE OF DEFENSE COUNSEL (after decision made) X | DATE 5/1/98 |
|---|---|---|---|

Probation Office

West Roxbury District Court
445 Arborway
Jamaica Plain, MA 02130

COMMONWEALTH vs _Jesse Wilson_
_3i Codman Park #1_
_Roxbury, MA 02119_

## NOTICE OF SURRENDER AND HEARINGS FOR ALLEGED VIOLATIONS OF PROBATION

You are hereby notified to appear in this Court at 9 am on **5.10** ~~5-3~~ , 19**99** for a hearing on a charge that you have violated the terms and conditions of your probation imposed by this court on _____ **5/1** , 19**98** on the following complaints (Docket Number(s) and Brief Description):

_98-1794 Trep_
_CWOF 5/1/2000 vwF_

(Strike out (1) or (2) below, whichever is inapplicable):

(1)    This hearing will be to determine whether there is probable cause to believe you have committed a violation of your probation If the Court so finds, there will be a subsequent hearing on the issue of revocation and imposition of additional sanctions. If you wish both hearings may be held at the same time. The same judge may not sit on both hearings unless you expressly agree thereto. In thi particular case, you have the right to both hearings, but may waive the preliminary hearing if you wish.

(2)    This hearing will be a final hearing on the issue of whether your probation shall be revoked and additional sanctions imposed

You have the following rights:

(1)    A right to legal counsel, and if you are unable to afford counsel, the Court will appoint counsel for you.
(2)    A right to be confronted by the person alleging you have violated the terms of your probation and to cross-examine that person as well as any other persons who testify against you.
(3)    A right to insist that all testimony be under oath.
(4)    A right to remain silent and not to be prejudiced thereby.
(5)    A right to testify on your own behalf, to produce witnesses and other evidence to support your denial of the alleged violations or in a final revocation hearing to support the explanation or mitigation of any violation.

The notice of the alleged violation(s) of probation is as follows:

| Alleged Violations | Date | Place |
|---|---|---|

***See checked boxes for violations***

☒    Subsequent Offense _Roxbury Court_ _CSA Poss D_ _4/13/99_

☐    Failure to report to Probation as scheduled. Dates:

☒    Failure to pay Court ordered fees. Amount due: _$1,215.00_

☐    Failure to successfully complete ordered program.  ,

☐    Other:

Do not fail to appear in Court at the time and place ordered above. You may then request a continuance if additional time is required to protect your rights

Date: _5/4/99_          Signature: _Richard Buckley_

YOU ARE TO CONTACT THIS DUTY ATTORNEY IMMEDIATELY TO PREPARE YOUR CASE
Attorney: _____ To be assigned _X_ .     Phone: _____

***BRING THIS NOTICE WHEN YOU REPORT***

| CRIMINAL DOCKET | DOCKET NO. 0332CR007325 | ATTORNEY NAME | |
|---|---|---|---|

COURT DIVISION: Fall River
☐ INTERPRETER REQUIRED

DATE and JUDGE

**DOCKET ENTRY**
☑ Attorney appointed (SJC R. 3:10)
☐ Atty denied and Deft Advised per 211D §2A
☐ Waiver of counsel found after colloquy

NAME, ADDRESS and ZIP CODE OF DEFENDANT
WILSON, JESSE
20 JOHNSON ST
FALL RIVER, MA

Terms of release set:
☑ PR   ☐ Bail:
☐ Held (276 §58A)
☐ See back for special conditions

DEFT. DOB AND SEX
04/20/1980    M

Arraigned and advised:
☐ Potential of bail revocation (276 §58)
☑ Right to bail review (276 §58)
☑ Right to drug exam (111E §10)

DATE OF OFFENSE(S)
10/08/2003

PLACE OF OFFENSE(S)
FALL RIVER

COMPLAINANT
CHAMPAGNE, JOHN

POLICE DEPARTMENT (if applicable)
FALL RIVER PD - DISP

Advised of right to jury trial:
☐ Does not waive
☑ Waiver of jury trial found after colloquy

DATE OF COMPLAINT
10/09/2003

RETURN DATE AND TIME
10/09/2003 08:30:00    ARREST

JUN - 3 2004

Advised of trial rights as pro se (Supp. R. 4)
Advised of right of appeal to Appeals Ct (R. 28)

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 1.  94C/34/G  DRUG, POSSESS CLASS D c94C §34 | | | | | ☑ WAIVED |

DISPOSITION DATE and JUDGE   Gillen

DISPOSITION METHOD
☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☑ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation                    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim
    ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:
☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

*9 mos. H.C.*
*conc. w/ 0432CR1282*

*Mitt. iss'd. 6/3/04*

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 2.  94C/37  DRUG, LARCENY OF c94C §37 | | | | | ☑ WAIVED |

DISPOSITION DATE and JUDGE   JUN 3 2004  Gill

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☑ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation                    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☑ Dismissed upon: ☑ Request of Comm.  ☐ Request of Victim
    ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:
☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☑ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

*Reduced to 266/30A*
*larc.*

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 3.  266/16/B  BREAK INTO DEPOSITORY c266 §16 | | | | | ☑ WAIVED |

DISPOSITION DATE and JUDGE   JUN 3 2004  Gill

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☑ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation                    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☑ Dismissed upon: ☑ Request of Comm.  ☐ Request of Victim
    ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:
☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 4.  266/20/A  LARCENY FROM BUILDING c266 §20 | | | | | ☑ WAIVED |

DISPOSITION DATE and JUDGE   JUN 3 2004  Gill

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☑ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation                    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☑ Dismissed upon: ☑ Request of Comm.  ☐ Request of Victim
    ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:
☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

☐ ADDITIONAL COUNTS ATTACHED

COURT ADDRESS
Fall River District Court
289 Rock Street
Fall River, MA 02720

A TRUE COPY ATTEST:  X

CLERK-MAGISTRATE/ASST. CLERK

ON (DATE)

DOCKET NUMBER: **0332CR007325**         NAME: **WILSON, JESSE**

## SCHEDULING HISTORY

| SCHEDULED DATE | SCHEDULED EVENT | DEFAULT/WARRANT MAY BE BAILED FOR | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 12/17/03 | AR | NOT TO EXCEED $100.00 OF COURT FIRST JUSTICE | Cont'd | late | | | | |
| 1/29/04 | | ☐ Held ☐ Cont'd | | LH | | | | |
| | | DEFAULT WARRANT | WARRANT ISSUE | LH | | | | |
| 3/15/04 | PT | DO NOT RELEASE | ☐ Held ☐ Cont'd | | | | | |
| 4/7/04 | PT | ☐ Held ☐ Cont'd | | | | | | |
| 5/12/04 | PT | ☐ Held ☐ Cont'd | | | | | | |
| 6/15/04 | MO | ☐ Held ☐ Cont'd | | | | | | |
| 7/7/07 | MO | ☐ Held ☐ Cont'd | | | | | | |

AR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
RP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
TA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

## OTHER DOCKET ENTRIES

| ENTRY DATE | |
|---|---|
| 2-18-04 | WMS RECALLED  *arrest* |
| | *mo before Gillen J* |
| 7/ | |
| JUL 17 2007 | *Δ's motion for new trial - allowed (Scalagni)* |
| 9-28-07 | JT - MM in front of (Scalagni) |
| 9/7/07 | *Motion to Continue (assented to by DA)* |
| 9/11/07 | *Mo Du MM* |
| 11/14/07 | *JT D rgmt Mac* |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| JUN 3 2004 | Legal Counsel Fee (211D §2A ¶2) | | *Remitted (Gillen J)* | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

| CRIMINAL DOCKET | DOCKET NO. 0332CR008409 | ATTORNEY NAME J. Czeczonka |  |
|---|---|---|---|

| | | DATE and JUDGE | DOCKET ENTRY |
|---|---|---|---|

**COURT DIVISION**
Fall River

☐ INTERPRETER REQUIRED

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**
WILSON, JESSE
220 JOHNSON ST
59B
FALL RIVER, MA

| ☐ Attorney appointed (SJC R. 3:10) |
| ☐ Atty denied and Deft Advised per 211D §2A |
| ☐ Waiver of counsel found after colloquy |

**DEFT. DOB AND SEX**
04/20/1980    M

12/17/03
(Nadeau)

**Terms of release set:**
☑ PR    ☐ Bail:
☐ Held (276 §58A)
☐ See back for special conditions

**DATE OF OFFENSE(S)**
11/15/2003

**PLACE OF OFFENSE(S)**
FALL RIVER

**Arraigned and advised:**
☐ Potential of bail revocation (276 §58)
☐ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

**COMPLAINANT**
CHAMPAGNE, JOHN

**POLICE DEPARTMENT (if applicable)**
FALL RIVER PD - DISP

JUN - 3 2004

**Advised of right to jury trial:**
☐ Does not waive
☐ Waiver of jury trial found after colloquy

**DATE OF COMPLAINT**
11/17/2003

**RETURN DATE AND TIME**
ISSUED    WARRANT

**Advised of trial rights as pro se (Supp. R. 4)**

**Advised of right of appeal to Appeals Ct (R. 28)**

| COUNT/OFFENSE 1. 265/13A/B  A&B c265 §13A(a) | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☑ WAIVED |
|---|---|---|---|---|---|

**DISPOSITION DATE AND JUDGE** JUN - 3 2004  Gilligan

**DISPOSITION METHOD**
☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

**FINDING**
☐ Not Guilty
☑ Guilty  LH
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon:  ☐ Request of Comm.    ☐ Request of Victim
   ☐ Request of Deft    ☐ Failure to prosecute    ☐ Other:
☑ Filed with Deft's consent    ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)

**FINAL DISPOSITION**    JUDGE    DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| COUNT/OFFENSE 2. 265/15A/A  A&B WITH DANGEROUS WEAPON c265 §15A(b) | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

**DISPOSITION DATE AND JUDGE** JUN - 3 2004  Gilligan

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☑ None of the Above

**FINDING**
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☑ Dismissed upon:  ☑ Request of Comm.    ☐ Request of Victim
   ☐ Request of Deft    ☐ Failure to prosecute    ☐ Other:
☐ Filed with Deft's consent    ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)

**FINAL DISPOSITION**    JUDGE    DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

**DISPOSITION DATE and JUDGE**

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

**FINDING**
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon:  ☐ Request of Comm.    ☐ Request of Victim
   ☐ Request of Deft    ☐ Failure to prosecute    ☐ Other:
☐ Filed with Deft's consent    ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)

**FINAL DISPOSITION**    JUDGE    DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

**DISPOSITION DATE and JUDGE**

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

**FINDING**
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation    ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon:  ☐ Request of Comm.    ☐ Request of Victim
   ☐ Request of Deft    ☐ Failure to prosecute    ☐ Other:
☐ Filed with Deft's consent    ☐ Nolle Prosequi    ☐ Decriminalized (277 §70C)

**FINAL DISPOSITION**    JUDGE    DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

PAGE 1 OF SIX

☐ ADDITIONAL COUNTS ATTACHED

**COURT ADDRESS**
Fall River District Court
289 Rock Street
Fall River, MA 02720

**A TRUE COPY ATTEST:**  X    CLERK-MAGISTRATE/ASST. CLERK    ON (DATE)

DOCKET NUMBER: 0332CR008409          NAME: **WILSON, JESSE**

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START. | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 1/29/04 | VT LH | ☐ Held | ☐ Cont'd | | | | |
| 2 | | | ☐ Held | ☐ Cont'd | WARRANT | | | |
| 3 | 3/15/04 | PT JM | ☐ Held | ☐ Cont'd | ISSUE | | | |
| 4 | | | ☐ Held | ☐ Cont'd | | | | |
| 5 | 4/7/04 | PT JC | ☐ Held | ☐ Cont'd | | | | |
| 6 | 5/12/04 | PT TD | ☐ Held | ☐ Cont'd | | | | |
| 7 | | | ☐ Held | ☐ Cont'd | | | | |
| 8 | 7/ | MO | ☐ Held | ☐ Cont'd | before Gilley | | | |
| 9 | | | ☐ Held | ☐ Cont'd | | | | |
| 10 | 7/17/02 | MO | ☐ Held | ☐ Cont'd | before Gilley | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 12/10/03 | wa WMS recalled |
| 2-18-04 | RECALLED Arrest |
| | **JURY OF SIX** LH 6/3/04 VT LH |
| 6/2/2004 | Filed:...Defendant's Motion in Limine Regarding Comm's Use of Alleged Spontaneous Exclamations; Request for Jury Instructions: Missing Witness; Proposed Jury Questions; Defendant's Motion to Sequester Witnesses During Trial; Defendant's Motion in Limine Regarding Comm's Use of Defendant's Record of Prior Convictions |
| JUL 17 200? | Defendant's Motion for Production of Probation Records. |
| | D's motion for new trial - allowed (Gilligan) |

### ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| JUN - 3 2004 | Legal Counsel Fee (211D §2A ¶2) | | Remitted (Gilligan J) | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

| DOCKET CONTINUATION | NAME OF CASE _Jesse Wilsa_ | DOCKET NUMBER _0330CP 8405_ |

| NO. | DATE | DOCKET ENTRIES |
|---|---|---|
| | 9/28/07 | JT *in font of Mckecan* |
| | 9/7/07 | *Motion to Continue (assented to by DA)* |
| | 9/11/07 | *Mo Due MM* |
| | 11/14/07 | JT *D request Mag* |

| CRIMINAL DOCKET | DOCKET NO. 0432CR001282 | ATTORNEY NAME J Czerwonka |
|---|---|---|

COURT DIVISION: Fall River
☐ INTERPRETER REQUIRED

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**
WILSON, JESSE
220 JOHNSON ST
59B
FALL RIVER, MA

DEFT. DOB AND SEX: 04/20/1980  M
DATE OF OFFENSE(S): 02/18/2004
PLACE OF OFFENSE: FALL RIVER
COMPLAINANT: ALBIN, JOHN
POLICE DEPARTMENT: FALL RIVER PD - DISP
DATE OF COMPLAINT: 02/18/2004
RETURN DATE AND TIME: 02/18/2004 08:30:00   ARREST

DATE and JUDGE: 13 2004  Johnson-Smith   JUN - 3 2004

**DOCKET ENTRY**
☐ Attorney appointed (SJC R. 3:10)
☐ Atty denied and Deft Advised per 211D §2A
☐ Waiver of counsel found after colloquy

**COUNT/OFFENSE**
1. 265/13A/B  A&B c265 §13A(a)

DISPOSITION DATE and JUDGE: JUN - 3 2004  Gilligan

SENTENCE OR OTHER DISPOSITION — handwritten: ThoS. H.C. MM Committed 106 days credit Time Held

FINAL DISPOSITION: Mitt iss'd 6/3/04

JURY OF SIX

**COURT ADDRESS**
Fall River District Court
289 Rock Street
Fall River, MA 02720

DOCKET NUMBER: **0432CR001282**          NAME: **WILSON, JESSE**

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 3/15/04 | JT | ☐ Held ☐ Cont'd | *mtn to 289 Rock - (issued)* | | | | |
| 2 | 4/7/04 | PT | ☑ Held ☐ Cont'd | *mtn to 48 mtnc st'd ass.)c* | | | | |
| 3 | 5/12/06 | PT | ☐ Held ☐ Cont'd | *mtn to 45 Rock ass. (ass.)* | | | | |
| 4 | | | ☐ Held ☐ Cont'd | | | | | |
| 5 | | | ☐ Held ☐ Cont'd | | | | | |
| 6 | 7/9/07 | | ☐ Held ☐ Cont'd | | | | | |
| 7 | | MS | ☐ Held ☐ Cont'd | *Before Gilligan* | | | | |
| 8 | | | ☐ Held ☐ Cont'd | | | | | |
| 9 | 7/17/07 | MS | ☐ Held ☐ Cont'd | ✓     -- | | | | |
| 10 | | | ☐ Held ☐ Cont'd | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| | **JURY OF SIX** *th 6/3/04 JT th mitt (issued)* |
| 6/2/2004 | Filed....Defendant's Motion in Limine Regarding Comm's Use of Alleged Spontaneo[us] |
| | Exclamations;  Request for Jury Instructions:  Missing Witness; Proposed Jury |
| | Questions; Defendant's Motion to Sequester Witnesses During Trial; Defendant's |
| | Motion in Limine Regarding Comm's Use of Defendant's Record of Prior Convictio[n] |
| | Defendant's Motion for Production of Probation Records. |
| 6/18/07 | *Filed - Motion for New Trial, Memorandum of Law in suppor[t] of Motion, Affidavit of Attorney.* |
| 6/25/07 | *PT Mtn w/ J- Gilligan   No Babe to Issue* |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A ¶2) | 1$0 | *Remitted 6/3/04 Gilligan* | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

| | DOCKET CONTINUATION | NAME OF CASE 0432c1 1282 | DOCKET NUMBER 0432c1 1282 |
|---|---|---|---|

| NO. | DATE | DOCKET ENTRIES |
|---|---|---|
| | JUL 17 2007 | D's motion for new trial - allowed (Gillespie |
| | 9-28-07 | JT MM in front of J Gilligan t |
| | 9/7/07 | Motion to Continue (assented to by DA) |
| | | ~~I Doc~~ ~~Allowed~~ |
| | 9/11/07 | Mo MM Den |
| | 11/4/07 | JT D request Mag |

DC-CR 14 (12/89)

**CRIMINAL DOCKET**

DOCKET NO.
**0332CR008689**

ATTORNEY NAME
~~Czeskionka~~ JM

COURT DIVISION
Fall River

☐ INTERPRETER REQUIRED

DATE and JUDGE

DOCKET ENTRY
☑ Attorney appointed (SJC R. 3:10)
☐ Atty denied and Def't Advised per 211D §2A
☐ Waiver of counsel found after colloquy

NAME, ADDRESS AND ZIP CODE OF DEFENDANT
WILSON, JESSE
120 JOHNSON ST
#9B
FALL RIVER, MA

Terms of release set:
☐ PR   ☐ Bail:
☐ Held (276 §58A)
☐ See back for special conditions

DEF'T DOB AND SEX
04/20/1980    M

Johnson-Smith
18  2004

Arraigned and advised:
☐ Potential of bail revocation (276 §58)
☐ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

DATE OF OFFENSE(S)
10/10/2003

PLACE OF OFFENSE(S)
FALL RIVER

JUN - 3 2004
Gillion

Advised of right to jury trial:
☐ Does not waive
☑ Waiver of jury trial found after colloquy

COMPLAINANT
CHAMPAGNE, JOHN

POLICE DEPARTMENT (if applicable)
FALL RIVER PD - DISP

Advised of trial rights as pro se (Supp. R. 4)

DATE OF COMPLAINT
12/01/2003

RETURN DATE AND TIME
01/23/2004 08:30:00

Advised of right of appeal to Appeals Ct (R. 28)

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 1.  265/13A/B  A&B c265 §13A(a) | | | | | ☑ WAIVED |

DISPOSITION DATE and JUDGE
JUN - 3 2004    Gillion

| DISPOSITION METHOD | FINDING |
|---|---|
| ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ Not Guilty |
| | ☑ Guilty |
| | ☐ Not Responsible |
| ☐ Bench Trial | ☐ Responsible |
| ☐ Jury Trial | ☐ No Probable Cause |
| ☐ None of the Above | ☐ Probable Cause |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.   ☐ Request of Victim
   ☐ Request of Def't   ☐ Failure to prosecute   ☐ Other:
☐ Filed with Def't's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

FINAL DISPOSITION          JUDGE          DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

---

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

DISPOSITION DATE and JUDGE

| DISPOSITION METHOD | FINDING |
|---|---|
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ Not Guilty |
| | ☐ Guilty |
| | ☐ Not Responsible |
| ☐ Bench Trial | ☐ Responsible |
| ☐ Jury Trial | ☐ No Probable Cause |
| ☐ None of the Above | ☐ Probable Cause |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.   ☐ Request of Victim
   ☐ Request of Def't   ☐ Failure to prosecute   ☐ Other:
☐ Filed with Def't's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

FINAL DISPOSITION          JUDGE          DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

---

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

DISPOSITION DATE and JUDGE

| DISPOSITION METHOD | FINDING |
|---|---|
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ Not Guilty |
| | ☐ Guilty |
| | ☐ Not Responsible |
| ☐ Bench Trial | ☐ Responsible |
| ☐ Jury Trial | ☐ No Probable Cause |
| ☐ None of the Above | ☐ Probable Cause |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.   ☐ Request of Victim
   ☐ Request of Def't   ☐ Failure to prosecute   ☐ Other:
☐ Filed with Def't's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

FINAL DISPOSITION          JUDGE          DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

---

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

DISPOSITION DATE and JUDGE

| DISPOSITION METHOD | FINDING |
|---|---|
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ Not Guilty |
| | ☐ Guilty |
| | ☐ Not Responsible |
| ☐ Bench Trial | ☐ Responsible |
| ☐ Jury Trial | ☐ No Probable Cause |
| ☐ None of the Above | ☐ Probable Cause |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.   ☐ Request of Victim
   ☐ Request of Def't   ☐ Failure to prosecute   ☐ Other:
☐ Filed with Def't's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

FINAL DISPOSITION          JUDGE          DATE
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

☐ ADDITIONAL COUNTS ATTACHED

COURT ADDRESS
Fall River District Court
289 Rock Street
Fall River, MA 02720

A TRUE COPY ATTEST:   X          CLERK-MAGISTRATE/ASST. CLERK          ON (DATE)

001

DOCKET NUMBER: 0332CR008689          NAME: WILSON, JESSE

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 3/15/04 | PT | ☐ Held ☐ Cont'd | | | | | |
| 2 | 4/7/04 | PT | ☐ Held ☐ Cont'd | | | | | |
| 3 | 5/12/04 | | ☐ Held ☑ Cont'd | | | | | |
| 4 | 6/3/04 | | ☐ Held ☐ Cont'd | | | | | |
| 5 | | | ☐ Held ☐ Cont'd | | | | | |
| 6 | | | ☐ Held ☐ Cont'd | | | | | |
| 7 | | | ☐ Held ☐ Cont'd | | | | | |
| 8 | | | ☐ Held ☐ Cont'd | | | | | |
| 9 | 7/17/07 | | ☐ Held ☐ Cont'd | | | | | |
| 10 | 9-28-07 | JT | ☐ Held ☐ Cont'd | | | | | |

RR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  JT=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
TA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 23 2004 | WMS ISSUED |
| JUL 17 2007 | WMS RECALLED |
| 9/7/07 | Motion to Continue (assented to by DA) |
| 9/11/07 | |
| 11/14/07 | JT |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| JUN 3 2004 | Legal Counsel Fee (211D §2A ¶2) | | Remitted (Gilligan, J) | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24½ ¶3) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

| **CRIMINAL DOCKET** | DOCKET NO. 0332CR007143 | | ATTORNEY NAME J. Szewal.... W. O. Scheel | |
|---|---|---|---|---|

| URT DIVISION Fall River | ☐ INTERPRETER REQUIRED | DATE and JUDGE | DOCKET ENTRY |
|---|---|---|---|

ME, ADDRESS AND ZIP CODE OF DEFENDANT

WILSON, JESSE
220 JOHNSON ST
FALL RIVER, MA

| ☑ Attorney appointed (SJC R. 3:10) |
| ☐ Atty denied and Deft Advised per 211D §2A |
| ☐ Waiver of counsel found after colloquy |

Terms of release set:
☐ PR ☐ Bail:
☐ Held (276 §58A)
☐ See back for special conditions

OCT -2 2003
(DONNA)

Arraigned and advised:
☐ Potential of bail revocation (276 §58)
☐ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

| FT. DOB AND SEX 04/20/1980 M |
| TE OF OFFENSE(S) 10/02/2003 | PLACE OF OFFENSE(S) FALL RIVER |

JUN -3 2004
Gilligan

Advised of right to jury trial:
☐ Does not waive
☐ Waiver of jury trial found after colloquy

| MPLAINANT ALBIN, JOHN | POLICE DEPARTMENT (if applicable) FALL RIVER PD - DISP |
| TE OF COMPLAINT 10/02/2003 | RETURN DATE AND TIME 10/02/2003 08:30:00 |

Advised of trial rights as pro se (Supp. R. 4)

Advised of right of appeal to Appeals Ct (R. 28)

| OUNT/OFFENSE **1. 265/13D/A A&B ON POLICE OFFICER c265 §13D** | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☑ WAIVED |
|---|---|---|---|---|---|

SPOSITION DATE and JUDGE
JUN -3 2004    Gilligan

| DISPOSITION METHOD | FINDING |
|---|---|
| ☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ Not Guilty ☑ Guilty MW ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause |
| ☐ Bench Trial |
| ☐ Jury Trial |
| ☐ None of the Above |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

900 days H.C. MW
Conc. w/0432 CR 1282

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

JUDGE Mitt. iss'd.    DATE 6/3/04

| COUNT/OFFENSE **2. 272/53/F DISORDERLY CONDUCT c272 §53** | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

SPOSITION DATE and JUDGE
JUN -3 2004    "    "

| DISPOSITION METHOD | FINDING |
|---|---|
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ Not Guilty ☐ Guilty ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause |
| ☐ Bench Trial |
| ☐ Jury Trial |
| ☑ None of the Above |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☑ Dismissed upon: ☑ Request of Comm. ☐ Request of Victim
☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| JUDGE | DATE |

| COUNT/OFFENSE **3. 272/53/G DISTURBING THE PEACE c272 §53** | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

DISPOSITION DATE and JUDGE

| DISPOSITION METHOD | FINDING |
|---|---|
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ Not Guilty ☐ Guilty ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause |
| ☐ Bench Trial |
| ☐ Jury Trial |
| ☑ None of the Above |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☑ Dismissed upon: ☑ Request of Comm. ☐ Request of Victim
☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| JUDGE | DATE |

| COUNT/OFFENSE **4. 268/32B RESIST ARREST c268 §32B** | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

DISPOSITION DATE and JUDGE

| DISPOSITION METHOD | FINDING |
|---|---|
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ Not Guilty ☐ Guilty ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause |
| ☐ Bench Trial |
| ☐ Jury Trial |
| ☑ None of the Above |

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☑ Dismissed upon: ☑ Request of Comm. ☐ Request of Victim
☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| JUDGE | DATE |

| | ☐ ADDITIONAL COUNTS ATTACHED |

| A TRUE COPY ATTEST: X | CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) | COURT ADDRESS Fall River District Court 289 Rock Street Fall River, MA 02720 |

௦௦3

DOCKET NUMBER: 0332CR007143             NAME: **WILSON, JESSE**

## SCHEDULING HISTORY

| SCHEDULED DATE | SCHEDULED EVENT | EV. | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 12/17/03 | PT | | MAY BE BAIL NOT TO EXCEED $1000 OF COURT FEES | ☐ Cont'd  ☐ DEF | late | | | | |
| 1/29/04 | LH | DEFAULT/WARRANT DID NOT RELEASE | ☐ Held  ☐ Cont'd | WARRANT ISSUE | LH | | | | |
| 3/15/04 | PT | | ☐ Held  ☐ Cont'd | | | | | |
| 4/7/04 | PT | | ☐ Held  ☐ Cont'd | | | | | |
| 5/12/04 | PT | | ☐ Held  ☐ Cont'd | | | | | |
| 6/3/04 | CE | | ☐ Held  ☐ Cont'd  They will | | | | | |
| 9-28-07 | JT - MM | | ☐ Held  ☐ Cont'd  in front of Brecon | | | | | |

AR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review  SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate  TA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 10-9-03 | ADVANCED BY PROBATION |
| 2-18-04 | WMS |
| | |
| | MM |
| | |
| 11/7/07 | no John Gilly |
| JUL 17 2007 | D's motion for new trial - approved (Brennan) |
| 9/7/07 MM | Motion to Continue (assented to by DA) |
| 9/11/07 | Mo Den MM |
| 11/14/07 | JT D ryut Mag |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A ¶2) | 150 | Remitted (Gilleran) 6/3/04 | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][e][1] ¶2) | | | |
| | Probation Supervision Fee (276 §67A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

COMMONWEALTH OF MASSACHUSETTS

FALL RIVER DISTRICT COURT

DOCKET NO. 0432CR001282,
0332CR007143, 0332CR008689,
0332CR008409 and 0332CR007325

COMMONWEALTH OF MASSACHUSETTS

V.

JESSE WILSON

## MOTION TO CONTINUE

NOW COMES the defendant, by and through counsel, and hereby moves this Court to continue his September 28, 2007 hearing to November 9, November 14 or November 16, 2007.

In support of this Motion, the defendant states as follows:

1.  The defendant is scheduled to appear in this Court on September 28, 2007 for a hearing.

2.  However, the undersigned counsel has a hearing in Concord, New Hampshire in the case of State v. Hovey on said date.

3.  That the defendant is aware of the within motion and is presently incarcerated.

4.  That the District Attorney's Office assents to the within Motion.

WHEREFORE, the defendant respectfully requests that this Court grant the within Motion.

Respectfully submitted,
Jesse Wilson,
By his Attorney,

Date: 9-7-07

Paul J. Garrity
14 Londonderry Road
Londonderry, NH 03053
434-4106

SEP 07 2007